**Ex parte Sheila Diane PARDUN, Applicant.**

**No. 05–87–00070–CR.**

Court of Appeals of Texas, Dallas.

March 25, 1987.

J. Stephen Cooper, Dallas, for appellant.

Gary A. Moore, Dallas, for appellee.

Before STEPHENS, ROWE and HECHT, JJ.

PER CURIAM.

Sheila Diane Pardun appeals from a judgment denying her application for writ of habeas corpus to avoid extradition to Kansas where she is wanted on drug charges. Pardun contends that her habeas corpus hearing was never properly referred to a magistrate, and that the Dallas County Magistrates Act [1] is unconstitutional. Pardun prays that we reverse the judgment and order her discharged. We agree that the judgment must be reversed because the trial court's referral order did not authorize the magistrate to hear Pardun's challenge to the Governor's warrant. We do not agree, however, that Pardun is entitled to discharge. Instead, we remand the case to the district court.

■ Under section 54.307(a), an order referring a case to a magistrate must specify the magistrate's duties. A general order will suffice. *Kelly v. State,* 724 S.W.2d 42, 47–48 (Tex.Crim.App.1987); *Ex parte Allen,* 699 S.W.2d 886, 888 (Tex.App.—Dallas 1985, pet. ref'd). The form order used in this case specified referral to the magistrate "for the purposes of defendant entering his plea in accordance with the plea bargain agreement". It did not authorize the magistrate to hear Pardun's application for writ of habeas corpus. The State acknowledges, and we hold, that without a proper referral order the magistrate was not authorized to act, and that the case must therefore be reversed and remanded. *Ex parte Stacey,* 709 S.W.2d 185, 190 (Tex. Crim.App.1986).

Upon filing of Pardun's application for writ of habeas corpus, the trial court ordered the sheriff to produce Pardun "on the 3rd day of December, 1986, at 3:00 o'clock p.m. in the courtroom of the Criminal District Court No. 1 of Dallas County, Texas," for hearing on the application. Pardun argues that this setting order contemplated a hearing before the district court only and not before a magistrate. She argues that because this setting order was not complied with and instead the matter was referred to a magistrate not authorized to hear it, she must now be discharged.

■ In the first place, the setting order clearly does not require hearing on Pardun's application by the district court only. Indeed, Pardun herself requested hearing by the magistrate "so that [she] might enter [her] plea herein before said Magistrate and receive the punishment and results contemplated by the plea bargain agreement of the parties." In the second place, even if the setting order did restrict

1. All statutory references are to Tex.Gov't.Code Ann. §§ 54.301–.313 (Vernon 1987).

hearing to the district court, Pardun offers no authority, and we know of none, that would require Pardun's discharge as a result of the ineffective referral to the magistrate. The invalidity of the referral entitles Pardun to remand, but not to discharge.

Pardun's first point of error is sustained. Since the judgment denying habeas corpus must be reversed for lack of a proper referral order, we do not reach Pardun's second point of error that the Dallas County Magistrates Act is unconstitutional. *See Smith v. State*, 658 S.W.2d 172, 174 (Tex.Crim. App.1983).

Reversed and remanded.