Dolores Marie **HOAG**, Appellant,

v.

The **STATE** of Texas.

No. 2–96–345–CR.

Court of Appeals of Texas, Fort Worth.

Nov. 26, 1997.

Daniel L. Young, William Ray, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles Mallin, John A. Stride, Richard Salamy, Assistant Criminal District Attorney, Fort Worth, for Appellee.

Before HOLMAN, J., CAYCE, C.J., and DAY, J.

## OPINION

PER CURIAM.

Dolores Marie Hoag pleaded guilty before a magistrate to the charge of injury to a child and was placed on six years' deferred adjudication probation under a plea bargain. Subsequently, Hoag was indicted in a new case charging her with aggravated assault by threatening her husband and children with a knife. The trial court found Hoag guilty of the new offense and revoked her probation. The trial court assessed concurrent sentences of eight years' confinement for the aggravated assault and eight years' confinement for injury to a child.

In three points, Hoag contends that her conviction of injury to a child is void because the magistrate lacked jurisdiction over her deferred adjudication, that the trial court erred in considering the void deferred adjudication during the punishment phase of her aggravated assault conviction, and that she was afforded ineffective assistance of counsel. Because the magistrate had jurisdiction, there was no void conviction and we affirm the trial court's judgment.

## Background

During a drunken argument with her husband, Hoag retrieved a kitchen knife and began stabbing the wall near her sleeping son. Her son testified that after he awoke he saw Hoag swing the knife at his father, and that she also attempted to swing it at him. The son further testified that he was afraid that his mother would hurt or kill him. Hoag also took the knife and stabbed the floor near her daughter's head and legs. Her husband managed to wrestle the knife away from her and took the children to a supermarket where he called the police. While Hoag managed to elude immediate arrest by hiding in a doghouse overnight, she was subsequently arrested and charged with aggravated assault.

## Points

### Jurisdiction of the Magistrate

Hoag asserts that her conviction of injury to a child is void because the magistrate who placed her on deferred adjudication probation lacked jurisdiction. Hoag states that the trial court's order referring the case to the magistrate and adopting the actions of the magistrate is file stamped March 15, 1994. However, the order was not signed by the referring court until March 21, 1994.

A district court judge may refer to a magistrate criminal cases involving certain types

of proceedings. *See* TEX. GOV'T CODE ANN. § 54.656 (Vernon 1988). A negotiated plea of guilt before the court is one of the proceedings that may be referred to a magistrate. *See id.* To refer "one or more cases to a magistrate, a judge must issue an order of referral specifying the magistrate's duties." *Id.* at § 54.657(a).

The Court of Criminal Appeals has recently decided the question of whether a referral order confers jurisdiction on a magistrate to hear a case in *Davis v. State,* WL 631978, 956 S.W.2d 555 (Tex. Crim. App.1997). In *Davis,* the court held that a referral order is the process that the district judge uses to refer a case to a magistrate, but the magistrate acts as a "surrogate" of the district judge. *Id.* at 559. The district judge acts through the magistrate. *See id.* Therefore, "if the district judge has authority over the case, the magistrate is qualified to be a magistrate, and [when] he performs an act authorized under V.T.C.A., Government Code, Section 54.656, his acts are not void." *See id.*

■ Since the defect of signing a referral order after the hearing is not jurisdictional, any procedural irregularity in the transfer of the case may not be raised for the first time on appeal. *See id.* at 560. Here, the record shows the referral order to the magistrate was not signed by the district judge until March 21, 1994, six days after Hoag's plea hearing. Hoag did not object at any time to the defective transfer; therefore she may not now raise the issue for the first time on appeal. *See* TEX.R.APP. P. 33.1. Hoag's first point is overruled.

Hoag's remaining two points are predicated on whether her conviction for injury to a child was void. Because her conviction was not void, Hoag's remaining two points are overruled.

## Conclusion

Because the magistrate had jurisdiction over Hoag's conviction for injury to a child, it was not void and we affirm the trial court's judgment.