

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-13-00611-CR

DAMIEN GUERRERO                                                APPELLANT

V.

THE STATE OF TEXAS                                                 STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
## TRIAL COURT NO. 1263552D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Damien Guerrero of the offenses of aggravated sexual assault of a child and indecency with a child by contact. The trial court assessed concurrent seven-year terms of imprisonment as punishment. In three issues, Appellant asserts the evidence is insufficient, the trial court erred in admitting text messages between him and the Complainant, and the jury

---

[1]*See* Tex. R. App. P. 47.4.

selection was unauthorized because there was no order referring the magistrate to preside over the voir dire. We affirm.

## The Indictment

In count one of the indictment, the State alleged that Appellant on or about October 11, 2011, in Tarrant County, Texas, intentionally or knowingly caused the female sexual organ of Complainant, a child younger than fourteen years of age, to contact the penis of Appellant. Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii), (2)(B) (West Supp. 2014). The State alleged the offense of aggravated sexual assault of a child, which is a first degree felony. *Id.* § 22.021(e). First degree felonies are punishable by imprisonment for life or for any term of not more than ninety-nine years or less than five years and a fine not to exceed $10,000. *Id.* § 12.32 (West 2011).

The State waived count two.

In count three, the State alleged that Appellant on or about October 11, 2011, in Tarrant County, Texas, intentionally, with the intent to arouse or gratify his sexual desire, engaged in sexual contact by touching the breast of Complainant, a child younger than seventeen years. *Id.* § 21.11(a)(1) (West 2011). The State alleged the offense of indecency with a child by contact, which is a second degree felony. *Id.* § 22.11(d). Second degree felonies are punishable by imprisonment for any term of not more than twenty years or less than two years and a fine not to exceed $10,000. *Id.* § 12.33 (West 2011).

**Evidence**

On the morning of October 11, 2011, Appellant and Complainant, who was thirteen, exchanged text messages about Complainant skipping school to perform fellatio on Appellant. Toting her Dora the Explorer backpack, Complainant left her middle school campus during lunch, got into Appellant's truck, and went to Appellant's apartment, where she and Appellant had sexual intercourse. The next day, when the school's police resource officer and Complainant's mother confronted Complainant about skipping school the previous day, Complainant said she had left school to have sex with a male whose name she did not know.

A school resource officer took Complainant to Cook Children's Hospital for a sexual assault examination. When the sexual assault nurse took Complainant's history, Complainant identified Appellant as the person with whom she had sex and, further, indicated the sex was consensual. Complainant reported penis-to-vagina contact as well as penetration. Complainant also admitted being fondled, which meant being touched with the hand on the breast and genitalia under the clothes. DNA testing later confirmed Appellant had engaged in vaginal intercourse with Complainant.

Complainant testified she was born in December 1997 and was thirteen on October 11, 2011. About a month before the offense, she saw Appellant at a tire store, thought he was attractive, approached him, and asked him for his number under the pretext that it was her sister who wanted to meet him. Complainant

3

said she lied to Appellant about her age and told him she was fifteen. Complainant said she did not know how old Appellant was. She did not see Appellant again until October 11, 2011, but had been communicating with him by texting.

Regarding the offense, Complainant testified at trial that Appellant touched her breasts with his hands. She also said that Appellant used his hands and penis to touch her vagina and that she and Appellant eventually had penetrative sexual intercourse. Complainant said initially she wanted to, then she did not want to, but when she told Appellant to stop, he did not.

Appellant was nineteen at the time of the offense.

### Sufficiency of the Evidence

In his first issue, Appellant asserts the evidence is insufficient because the testimony concerning the DNA evidence did not conclusively link Appellant to the vaginal swab. Appellant complains that the vaginal swabs were never identified. We disagree.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). The issue on appeal is not whether we as a court believe the State's evidence or believe the defense's evidence "outweighs" the

4

State's evidence. *Holloway v. State*, 695 S.W.2d 112, 115 (Tex. App.—Fort Worth 1985), *aff'd*, 751 S.W.2d 866 (Tex. Crim. App. 1988). If there is evidence that establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *Id.*

The sexual assault nurse said she took five swabs off of Complainant's body for DNA. The five swabs were admitted as State's Exhibits 24B, 24C, 24D, 24E, and 24F. The forensic DNA analyst said she recognized her initials on the buccal swabs and the vaginal swabs. Those were identified as State's Exhibits 24B and 24C. The buccal swab was specifically identified as State's Exhibit 24B. By the process of elimination, the vaginal swabs were State's Exhibit 24C. The forensic DNA analyst also said she discovered the presence of sperm on the vaginal swab, extracted the DNA from the sperm cells, compared the DNA to a known sample of Appellant's DNA, and concluded Appellant could not be excluded as a contributor. She said the odds of someone other than Appellant being the contributor were "one out of every approximately 5.7 quintillion individuals of Caucasian, African-American[,] and Southwestern Hispanic descent."

Appellant also complains that the forensic DNA analyst testified only generically regarding DNA testing and theory. The forensic DNA analyst said that the science behind DNA was generally accepted within the scientific community and that DNA was used for identification on a daily basis. Regarding

5

reliability, she said her laboratory was certified by the ISO, which she described as an entity having standards that met and exceeded the national standards. She also explained that each time she ran a DNA test, her lab required standards and safeguards that insured the machines used in testing were working correctly.

Appellant cross-examined the forensic DNA analyst at trial. Appellant did not challenge the validity of the DNA testing and theory. Instead, Appellant got the forensic DNA analyst to concede that it was possible, although unlikely, that the minor contributor to the DNA sample was someone other than Complainant. The analyst said it was possible but unlikely because the minor contributor's data matched Complainant's "so perfectly."

Standing alone, Complainant's testimony provided legally sufficient evidence to support the convictions. *Torres v. State*, 424 S.W.3d 245, 253 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.). It is true Complainant admitted lying about many other things. However, regarding the offenses themselves, the text messages and DNA evidence lent considerable credibility to her testimony.

A child under fourteen cannot legally consent to sex. *May v. State*, 919 S.W.2d 422, 424 (Tex. Crim. App. 1996). Neither offense requires proof that the complainant did not consent. Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii) (aggravated sexual assault); *Id.* § 21.11(a)(1) (indecency with a child). Even if a child complainant consents in fact, that consent is not given any legal effect and provides no defense. *May*, 919 S.W.2d at 424.

6

Viewing the evidence in the light most favorable to the verdict, we hold that any rational trier of fact could have found the essential elements of the offenses beyond a reasonable doubt. *See Winfrey*, 393 S.W.3d at 768. We overrule Appellant's first issue.

**The Admission of Testimony Regarding Complainant's Cell Phone Use**

In his second issue, Appellant complains about the testimony of Reginald Sparks, a forensic computer examiner. Detective David Bell asked Sparks to extract data from Complainant's cell phone on October 13, 2011. Sparks thought Detective Bell asked for all the text messages between Appellant and Complainant. Sparks did not recall Detective Bell's specific request, but Sparks said if he had been asked for messages before October 11, he would have provided them. Sparks speculated one explanation for the exhibit not including texts before October 11 was that he requested and obtained permission to restrict the scope of the search based upon the volume of text messages and upon the fact that, on Complainant's particular model, he had to manually transcribe the texts, which was tedious and time consuming. Sparks said another possible explanation was that Complainant's model stored only a certain number of messages. Appellant objected on the basis of optional completeness; he argued that providing just the text messages from October 11 would provide an incomplete and misleading picture to the jury. Complainant's testimony showed there were text messages before October 11, 2011.

The State responds that Appellant does not complain on appeal about the admission of State's Exhibit 28, which provides the text messages between Appellant and Complainant on October 11, 2011. The State contends Appellant's objection at trial was to State's Exhibit 28 and was not to Sparks's testimony. The State concludes that because Appellant did not object to Sparks's testimony, Appellant's complaint is not preserved. *See* Tex. R. App. P. 33.1(a)(1); *Sanchez v. State*, 418 S.W.3d 302, 307–08 (Tex. App.—Fort Worth 2013, pet. ref'd).

The State is correct that at trial Appellant objected to State's Exhibit 28 and not to Sparks's testimony whereas, on appeal, Appellant complains about Sparks's testimony and not about State's Exhibit 28. Appellant argues: "Sparks testified to and authenticated his verbatim transcript of some seventy-four text messages between the two cell phones, seventy of which occurred within a four hour period on October 11, 2011, between 8:26 a.m. and 12:30 p.m." However, we are to construe briefs liberally. *See* Tex. R. App. P. 38.1(f), 38.9. Appellant's argument on appeal appears to be that had the trial court not admitted State's Exhibit 28, Sparks would have had nothing about which to testify. Construing Appellant's brief liberally, his complaint is about the admission of State's Exhibit 28 based upon the rule of optional completeness.

The rule of optional completeness provides:

> When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence, as when a letter is read, all letters on the same subject between the same parties may be given. "Writing or recorded statement" includes depositions.

Tex. R. Evid. 107.

Optional completeness provides a mechanism whereby the objecting party may "complete" evidence that has been offered and admitted into evidence by the adverse party for the purpose of correcting any potentially misleading impression. *See Mendiola v. State*, 61 S.W.3d 541, 545 (Tex. App.—San Antonio 2001, no pet.). Rule 107 is not a rule of exclusion but is, instead, a rule of admissibility. *Lomax v. State*, 16 S.W.3d 448, 450 (Tex. App.—Waco 2000, no pet.). Additionally, the rule of optional completeness requires the omitted portions be "on the same subject" and "necessary" to make the earlier admitted evidence fully understandable. *Sauceda v. State*, 129 S.W.3d 116, 123 (Tex. Crim. App. 2004); *Mendiola*, 61 S.W.3d at 545. Even assuming there were earlier texts between Appellant and Complainant on the same subject, Appellant has not shown they were necessary to make the texts of October 11, 2011, fully understandable.

Citing *Brady v. Maryland*, Appellant also argues the State was required to provide evidence favorable to the accused. 373 U.S. 83, 83 S. Ct. 1194 (1963).

9

Appellant did not object at trial on the basis of a *Brady* violation. Appellant has not preserved that argument. Tex. R. App. P. 33.1(a)(1).

We overrule Appellant's second issue.

## The Absence of an Order of Referral Permitting the Magistrate to Conduct Voir Dire

In his third issue, Appellant complains that a magistrate presided over voir dire, but the record does not contain an order of referral by the elected judge. Appellant contends that the judge had to sign an order of referral specifying the magistrate's duties. Appellant contends that without an order of referral, the magistrate had no authority to act. *Ex parte DeLeon*, No. 05-11-00594-CR, 2011 WL 3690302, at *2 (Tex. App.—Dallas Aug. 24, 2011, no pet.) (not designated for publication) (relying on *Ex parte Pardun*, 727 S.W.2d 131, 132–33 (Tex. App.—Dallas 1987, no pet.) (per curiam)[2]).

The State responds that Appellant did not object to the magistrate and that this court has previously ruled that in order to challenge a trial court's referral of voir dire to a magistrate, the appellant must have preserved error in the trial court. *See Nash v. State*, 123 S.W.3d 534, 536–37 (Tex. App.—Fort Worth 2003, pet. ref'd) (citing *Lemasurier v. State*, 91 S.W.3d 897, 900 (Tex. App.—Fort Worth 2002, pet. ref'd); *McKinney v. State*, 880 S.W.2d 868, 870 (Tex. App.—Fort Worth 1994, pet. ref'd)); *Hoag v. State*, 959 S.W.2d 311, 313 (Tex. App.—

---

[2]In *Pardun*, the magistrate exceeded the scope of the referral order. *Pardun*, 727 S.W.2d at 132–33. The opinion never addresses a failure to preserve error or the implications of a failure to preserve error. *Id.*

Fort Worth 1997, no pet.) (citing *Davis v. State*, 956 S.W.2d 555, 557, 560 (Tex. Crim. App. 1997)). The State concedes *DeLeon* holds in Appellant's favor. However, the State correctly asserts *DeLeon* is not binding authority upon this court. *See Shook v. State*, 156 Tex. Crim. 515, 517, 244 S.W.2d 220, 221 (1951) (op. on reh'g) (stating that courts are not bound by the decisions of other courts of equal jurisdiction). The State also points out that *DeLeon* is not a published case. Unpublished criminal opinions have no precedential value. Tex. R. App. P. 47.7(a). The State concludes, therefore, that this court should follow its own earlier authority and overrule Appellant's third ground for failure to preserve error. Tex. R. App. P. 33.1(a)(1); *Nash*, 123 S.W.3d at 537. Because *DeLeon* has no precedential value as an unpublished opinion, and because our own *Nash* opinion is controlling on this issue, we agree with the State.

We overrule Appellant's third issue.

## Conclusion

Having overruled Appellant's three issues, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 26, 2015

11