PD-0669-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 22 2015

Abel Acosta, Clerk

1. Notice of rejected filing from Court of Criminal Appeals.

**Fwd: eFileTexas.gov ⬦ Filing Returned - 5500297**

**Barry** to you   show details

Sent from my iPhone

Begin forwarded message:

**From:** No-Reply@eFileTexas.gov
**Date:** June 2, 2015 at 11:44:02 AM CDT
**To:** barrygjohnson60@gmail.com
**Subject:** eFileTexas.gov ⬦ Filing Returned - 5500297



The filing below has been reviewed and has been returned for further action. **Please refile with the corrections outlined below.** The clerk's ⟨
for the file stamp when the corrections are made in a timely manner.

| Return Reason(s) from Clerk's Office | |
|---|---|
| **Reject Reason** | Other |
| **Return Comment** | The petition for discretionary review does not contain a copy of the court of appea⟨ review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)] table of contents [Rule 68.4(b)]. The petition for discretionary review does not con⟨ You have ten days to submit a corrected petition. |

| Document Details | |
|---|---|
| **Court** | Courts of Appeals |
| **Case Style** | |
| **Date/Time Submitted** | 6/1/2015 6:22:04 PM |
| **Filing Type:** | Petition for Discretionary Review |
| **Activity Requested:** | EFileAndServe |
| **Filed By:** | barry johnson |

2. Motion to extend time to file PDR.

NO. _____

| DAMIEN GUERRERO. | § | IN THE  TEXAS |
| | § | |
| VS. | § | COURT OF CRIMINAL |
| | § | |
| STATE OF TEXAS | § | APPEALS |

## UNOPPOSED MOTIONTO EXTEND TIME TO FILE PETION FOR DISCRETIONARY REVIEW:

## TO THE HONORABLE JUSTICES OF SAID COURT:

Now comes Danien Guerrero, Appellant in the above styled and numbered cause, and moves this Court to grant an extension of time to file appellant's brief, pursuant to Rule 38.6 of the Texas Rules of Appellate Procedure, and for good cause shows the following:

1. In this proceeding Appellant seeks review of the decision of the Second Court of Appeals, in  Damien Guerrero vs. STATE OF TEXAS , cause number o2-13-00611.

3.    On June 1, 2015, appellant submitted  a Petition for Review. Due to errors by the undersigned counsel, the filing was returned unfiled on June 2, 2015, and appellant was granted ten days to submit a corrected petition, which was June 12, 2015. The efiletexas.gov filing returned was envelope 5500297.

7.    This motion is filed within 15 days of the  ten day extension that the

court permitted when the filing was rejected, and therefore is timely pursuant to Rule 68.2 ( c ), T.R.A.P.

8. Defendant is currently incarcerated.

9. Appellant seeks an extension to Monday, June 29, 2015 to file the corrected Petition for Discretionary Review.

9. Appellant relies on the following facts as good cause for the requested extension:

- Counsel for Appellant did not intentionally fail to timely file, but after filing a Petition that was defective, inadvertently overlooked the email informing him that the filing was rejected, and therefore did not timely file the corrected petition.

- Assistant District Attorney, Helena Faulk of the Tarrant County Criminal District Attorney's office has indicated by telephone that she has no objection to an extension being granted.

**WHEREFORE, PREMISES CONSIDERED,** Appellant prays that this Court grant this Motion To Extend Time to File Appellant's Petition for Discretionary Review, and for such other and further relief as the Court may deem appropriate.

Respectfully submitted,


/s/ Barry G. Johnson

BARRY G. JOHNSON
2821 E. Lancaster
Fort Worth, Texas 76103
Tel: (817) 531-9665
Fax: (817) 534-9888
barrygj@aol.com
State Bar No. 10683000
Attorney for Damien Guerrero


## CERTIFICATE OF SERVICE

I certify that on June 26, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Tarrant County, Texas, by email to coaappellatealerts@tarrantcounty.com .___

/s/ Barry G. Johnson

BARRY G. JOHNSON

3.Order denying Motion to Extend Time.

COA No. 02-13-00611-CR    PD-0669-15

7/1/2015
**GUERRERO, DAMIEN**    Tr. Ct. No. 1263552D

On this day the Appellant's motion for extension of time to file petition for discretionary review has been denied. A noncompliant petition was tendered concurrently with this motion; the petition will not be filed and no further action will be taken on this matter.

Abel Acosta, Clerk

BARRY G. JOHNSON
2821 E. LANCASTER
FT WORTH, TX 76103
* DELIVERED VIA E-MAIL *

4. Petition for Discretionary  Review.

No. _____

# IN THE COURT OF CRIMINAL APPEALS

---

## DAMIEN GUERRERO

## V.

## THE STATE OF TEXAS

Appellant's Petition for Discretionary Review of the Decision of the Second Court of Appeals in Cause No. 02-13-00611, Affirming the Judgment of the Trial Court in Cause Number 1263552D In Criminal District Court No. 4 of Tarrant County, Hon. Mike Thomas, Presiding.

-------------------------------------------------------------------

## APPELLANT'S PETITION FOR REVIEW

BARRY G. JOHNSON
State Bar. No. 10683000
2821 E. Lancaster
Ft. Worth, Texas 76103
Barrygj@aol.co,
817-531-9665
817-534-9888 FAX
Attorney for Appellant

Now comes appellant, Damien Guerrero, and files this Petition for Discretionary Review, and would show this Honorable court the following:

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

Trial Judge: Honorable Mike Thomas.

Appellant is Damien Guerrero.

The State of Texas prosecuted the case.

Trial Counsel for the state: Paige Simpson and Mark Thielman, Assistant District Attorneys of Tarrant County, 401 W. Belknap, Fort Worth, Texas 76196.

Trial Counsel for the defense: Terry Barlow, 1100 E. Weatherford, Fort Worth, Texas 76101, and Dominic Bauman, 6207 Airport, Freeway, Ft worth, Texas 76117.

Appellate Counsel for the state: Charles Mallin, Assistant District, Attorney of Tarrant County, 401 W. Belknap, Fort Worth, Texas 76196.

Appellate Counsel for the defendant: Barry G. Johnson, 2821 E. Lancaster, Fort Worth, Texas 76103.

# TABLE OF CONTENTS

Page

Identity of judge, parties and counsel ......... 2

Table of Contents ......... 3

Index of Authorities ......... 4

Statement Concerning Oral Argument ......... 5

Statement of the Case ......... 5

Statement of Procedural History ......... 5

Questions Presented ......... 5

Argument ......... 6

Prayer for Relief ......... 11

Appendix (attached as pdf)

# TABLE OF AUTHORITIES

**Page**

*Brooks v. State*
    323 S.W.3d 893(Tex. Crim. App. 2010). .................... 10

*Williams v. State*
    235 S.W.3d 742, 750. Tex. Crim. App. 2007)........... 10

## STATEMENT CONCERNING ORAL ARGUMENT

Appellant contends that oral argument would be helpful to the court in unraveling the complex testimony and claimed gaps in the proof that appellant claims are present.

## STATEMENT OF THE CASE

Appellant was convicted of sexual assault of a child and indecency with a child and was sentenced to seven years incarceration for each offense.

## STATEMENT OF PROCEDURAL HISTORY

Date of the Court of Appeals decision: March 26, 2015.

Date of the Motion for Rehearing: April 10, 2015.

Date the ruling on the Motion for Rehearing disposed: April 30. 2015.

Date Petition for Discretionary review submitted: June 1, 2015.

Date that the Petition was returned unfiled: June 2, 2015.

Date given by the court to file corrected Petition: June 12, 2012 (ten days from June 2, 2012).

Date Motion for extension to file Petition for discretionary Review Filed: June 26, 2015.

## QUESTIONS PRESENTED FOR REVIEW

Is DNA evidence offered to prove that penetration occurred legally sufficient if neither the vaginal swab taken from the alleged victim nor the buccal

APPELLANT'S PETITION FOR REVIEW – Page 5

swab taken from the accused are specifically identified as having been tested and compared?

Was the evidence was legally sufficient to support the jury's verdict.

## STATEMENT OF THE CLAIMED ERROR IN THE OPINION

In its Opinion, on page 5, the court states the following:

"The forensic analyst said she recognized her initials on the buccal swabs and the vaginal swabs. Those were identified as State's Exhibits 24B and 24C. The buccal swab was specifically identified as State's Exhibit 24B. By the process of elimination, the vaginal swabs were State's Exhibit 24C."

## ARGUMENT AND AUTHORITIES

The court of appeals erred in concluding that the evidence was legally sufficient to support the jury's verdict. Rachel Burch did not specifically identify Exhibit 24 C as the vaginal swab, and therefore, the testimony of the alleged victim that vaginal penetration occurred was not corroborated by physical evidence. In addition, Appellant would show that the DNA analyst did not testify that the samples she testified to were Exhibits 27A and 27B, which were the known samples.

It is important to carefully examine the words used in the testimony of DNA analyst Rachel Burch concerning the Exhibits.

The Master Exhibit Index, Reporter's Record, Vol. 6, tells us that Exhibits 24 B and 24 C, are boxes. In other words the swabs themselves were not marked as evidence, but the boxes that contained the exhibits were marked.

Exhibit 24, admitted for purposes of the record only, and not for use by the jury, is described in the Master Exhibit List as "sexual assault kit", appears to be a sealed container in which Exhibit 24A through 24F were stored. RR. V. 3, p.3.

Ms. Burch testified that on March 28, 2012, she received an envelope from the Fort Worth Police Department that was labeled with the complainant's name. RR. V. 3, p.121. She stated that within that envelope was a box, and that she was asked to test the vaginal swabs and the buccal swabs of the complainant. RR, V.3, p.121. Ms. Burch testimony concerning the identification of the Exhibits was as follows:

Q. (by Ms. Simpson) I'm going to show you what's been admitted as State's 24, for purposes of the record, and ask if you recognize anything on the outside of this packaging ?

A. Yes, I do.

Q. What do you recognize ?

A. I recognize our lab number as well as my initials and date.

Q. And then State's 24A came from State's 24, and there are five items here that have been admitted, 24B, C , D, E and F And ask if you recognize any of the handwriting on those exhibits?

A: I recognize my initials and date as well as —move the sticker—my initials and date on the buccal swabs for the reference as well as on the vaginal swabs.

Q. And that would be State's 24B and 24C?

A. Correct.

Q. But you do not have any handwriting on D, E, or F?

A. Correct.

Q. Okay. So you —State's 24 B is Complainant's buccal swab?

A. Correct.

Q. And you were asked to look at vaginal swabs as well?

A. Correct

Q. State's Exhibit 27 has two items inside, 27A and 27B. I'll ask you if you recognize any of the handwriting on 27A, or 27B?

A. I recognize initials and date on State's 27A and 27B.

RR, V. 3. pp.121-123

Q. And did you compare what was contained within the vaginal swab to the two buccal swabs that you had?

A. Yes, I did.

RR, V. 3. pp.121-123.

Maria Hinojosa testified that Exhibit 27A and 27B were swabs that were use to collect buccal samples from appellant. RR, V.3, p 80.

Although it is not disputed that samples were obtained from appellant, it should be noted that the Master Exhibit List refers to 27A and 27b as Envelopes.

RR, V.6. p.3. Ms. Hinojosa testified that sterilized Q-tips were used to collect saliva samples from appellant, which were his b buccal samples. RR,V.3, p.77. So, apparently, the envelopes marked as Exhibits 27A and 27B contained the Q-tips which were used to collect the buccal samples.

Ms. Burch testified that she recognized 27A and 27B, because of initials and date, but does not state whose initials she recognized.

Significantly, Ms. Burch did not specifically testify that 27A and 27B, or the contents contained therein, were the items that she tested for purpose of DNA analysis.

She did testify that a "reference was obtained from Damien Guerrero" was added to her table, or chart, for comparison purposes, RR, V.3, p.126) , but never stated that the data was obtained as the result of testing Exhibit 27 or 27A.

There is also some confusion as to the number of swabs that were obtained from the complainant. There is no testimony as to how many buccal and vaginal swabs were obtained from her. There was no testimony as to whether one swab was equal to one Q-tip.

Referring to the material tested that was obtained from the complainant, she testified that "we were asked to test the vaginal swabs" (plural) "and also the buccal swabs" (plural). RR, V.3, p. 121, Line 9.

Later on that page she used the singular and stated that for "that submission of evidence I was looking at a buccal swab from "the complainant".

Ms. Burch was asked the following:

"Q.    When you looked at the contents of the vaginal swab and compared it with the buccal swab of Damien Guerrero, did you make any conclusions?

A.    Yes, I did." RR, V.3, p.125-125.

She testified that her conclusion was that Damien Guerrero cannot be excluded as the contributor of the sperm fraction. RR, V.3, p.128.

The above summary and quotation from the testimony lead to two conclusions. There was no direct evidence that Exhibit 26C contained the vaginal swab of the complainant and there was no testimony that Exhibits 27A and 27B, known to be buccal swabs of appellant, were the swabs tested and compared to the vaginal swab of the complainant.

When the sufficiency of the evidence is challenged, an appellate court must view all evidence in the light most favorable to the verdict to determine if the jury was rationally justified in finding guilt beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893(Tex. Crim. App. 2010). The court must ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *Williams v. State*, 235 S.W.3d 742, 750. (Tex. Crim. App. 2007).

In this petition we have attempted to demonstrate the problems with the DNA evidence in the trial. In its opinion, the court conceded that it took the process of elimination to connect up the vaginal swab to Exhibit 24C.

With respect to the appellant's DNA, to determine that the analyst's conclusion that there was a match requires the court to fill in the blanks with testimony that was not presented to conclude that she did test 27A and 27B, because she did not testify to it.

In the State's closing argument, the importance of the DNA evidence was emphasized by the prosecutor's statement that first, appellant "left his sperm inside of her sexual organ." Then, the prosecutor said that there "are 5.7 quintillion reasons to find this man guilty", quoting the statistic testified to by the DNA analyst as to the likelihood of appellant being the person whose DNA was found.

## CONCLUSION AND PRAYER

Because the gap in the state's proof is so wide and so significant, appellant prays that this Petition for Review be granted, and upon hearing, that this court reverse and render judgment of acquittal on all charges, or in the alternative , to remand this matter for a new trial on all charges, or, in the alternative, to render a judgment of acquittal as to the offense of aggravated sexual assault of a child, and

to remand the case for a new trial on the charge of Indecency with a Child, or for a new punishment hearing on the offense of Indecency with a Child..

/s/ Barry G. Johnson
Barry G. Johnson

BARRY G. JOHNSON
State Bar. No. 10683000
2821 E. Lancaster
Ft. Worth, Texas 76103
Barrygj@aol.co,
817-531-9665
817-534-9888 FAX
Attorney for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon Sharen Wilson, Attorney for Appellee, by email, on this the 26th day of June 2015.

/s/ Barry G. Johnson
Barry G. Johnson

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document complies with the requirement oF T.R.A.P. 9.4(i)(3) and the word count is 1,906 as computed by the program in which this document was prepared.

/s/ Barry G. Johnson
Barry G. Johnson



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00611-CR

DAMIEN GUERRERO                                    APPELLANT

V.

THE STATE OF TEXAS                                       STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 1263552D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Damien Guerrero of the offenses of aggravated sexual assault of a child and indecency with a child by contact. The trial court assessed concurrent seven-year terms of imprisonment as punishment. In three issues, Appellant asserts the evidence is insufficient, the trial court erred in admitting text messages between him and the Complainant, and the jury

----------

[1]See Tex. R. App. P. 47.4.

5. Motion for Rehearing filed in the Court of Appeals.

02-13-00611- CR

# IN THE COURT OF APPEALS FOR

# THE SECOND DISTRICT OF TEXAS

## FORT WORTH, TEXAS

## DAMIEN GUERRERO

## V.

## THE STATE OF TEXAS

On appeal from the Criminal District Court Number 4

Tarrant County, Texas

Cause No. 1263552D

Hon. MIKE THOMAS, Presiding Judge

-------------------------------------------------------------------------------

## APPELLANT'S MOTION FOR REHEARING

BARRY G. JOHNSON
State Bar. No. 10683000
2821 E. Lancaster
Ft. Worth, Texas 76103
Barrygj@aol.com
817-531-9665
817-534-9888 FAX
Attorney for Appellant

## ORAL ARGUMENT IS REQUESTED

1

# IN THE COURT OF APPEALS FOR
# THE SECOND DISTRICT OF TEXAS
## FORT WORTH, TEXAS

## DAMIEN GUERRERO

## V.

## THE STATE OF TEXAS

Now comes appellant, Damien Guerrero, and files this Motion for Rehearing, and would show this Honorable court the following:

## ISSUE PRESENTED

The court of appeals erred in concluding that the evidence was legally sufficient to support the jury's verdict.

## STATEMENT OF THE CLAIMED ERROR IN THE OPINION

In its opinion, on page 5, the court states the following:

"The forensic analyst said she recognized her initials on the

buccal swabs and the vaginal swabs. Those were identified as State's exhibits 24B and 24C. The buccal swab was specifically identified as State's exhibit 24B. By the process of elimination, the vaginal swabs were State's Exhbit 24C."

## THE CLAIMED ERROR

Rachel Burch did not specifically identify Exhibit 24C as the vaginal swab, and therefore, the testimony of the alleged victim that vaginal penetration occurred was not corroborated by physical evidence. In addition, Appellant would show that the DNA analyst did not testify that the damples she testified were Exhibits 27A and 27B, which were the known samples of appellant.

## ARGUMENT AND AUTHORITIES

It is important to carefully examine the words used in the testimony of DNA analyst Rachel Burch concerning the exhibits.

The Master Exhibit Index, Reporter's Record, Vol. 6, tells us that Exhibits 24 B and 24 C, are boxes. In other words the swabs themselves were not marked as evidence, but the boxes that contained the exhibits were marked.

Exhibit 24, admitted for purposes of the record only, and not for use by the jury, is described in the Master Exhibit List as "Sexual assault kit", appears to be a sealed container in which Exhibit 24A through 24F were stored. RR, V. 3, p.3. Ms. Burch testified that on March 28, 2012, she received an envelope from the Fort Worth Police Department that was labeled with the complainant's name. RR, V. 3, p.121. She stated that within that envelope was a box, and that she s asked to test the

vaginal swabs and the the buccal swabs of the complainant. RR, V.3, p.121.

Ms. Burch testimony concerning the identification of the exhibits was as follows:

Q. (by Ms. Simpson) I'm going to show you what's been admitted as State's 24, for purposes of the record, and ask if you recognize anything on the outside of this packaging ?

A. Yes, I do.

Q. What do you recognize ?

A. I recognize our lab number as well as my initials and date.

Q. And then State's 24A came from State's 24, and there are five items here that have been admitted, 24B, C , D, E and F. And ask if you recognize any of the handwriting on those exhibits ?

A. I recognize my initials and date as well as —move the sticker—my initials and date on the buccal swabs for the reference as well as on the vaginal swabs.

Q. And that would be State's 24B and 24C ?

A. Correct.

Q. But you do noy have any handwriting on D, E, or F ?

A. Correct.

Q. Okay. So you –State's 24 B is )) Complainant's)) buccal swab ?

A. Correct.

Q. And you were asked to look at vaginal swabs as well ?

A. Correct

Q. state's exhibit 27 has two items inside, 27A and 27B. Ill ask you if you recognize any of the handwriting on @&, 27A, or 27B ?

A. I recognize initials and date on State's 27A and 27B.

RR, V. 3. pp.121-123.

...

Q. And did you compare what was contained within the vaginal swab to the two buccal swabs that you had ?

A. Yes, I did.

RR, V. 3. pp.121-123.

Maria Hinojosa testified that Exhibit 27A and 27B were

6

swabs that were use to collect buccal samples from appellant. RR, V.3, p 80.

Although it is not disputed that samples were obtained from appellant, it should be noted that the Master Exhibit List refers to 27A and 27b as Envelopes. RR, V.6. p.3. Ms. Hinojpsa testified that sterilized Q-tips were used to collect saliva samples from appellant, which were his b buccal samples. RR,V.3, p.77. So, apparently, the envelopes marked as Exhibits 27A and 27B contained the Q-tips which were used to collect the buccal samples.

Ms. Burch testified that she recognized 27A and 27B, because of initials and date, but dos not state whose initials she recognized.

Significantly, Ms. Burch did not specifically testify that 27A and 27B, or the contents contained therein, were the items that she tested for purpse of DNA analysis.

She did testify that a "reference was obtained from

Damien Guerrero" was added to her table, or chart, for comparison purposes, RR, V.3, p.126) , but never stated that the data was obtained as the result of testing Exhibit 27 or 27A.

There is also some confusion as to the number of swabs that were obtained from the complainant. There is no testimony as to how many buccal and vaginal swabs were obtained from her. There was no testimony as to whether one swab was equal to one Q-tip.

Referral to the material tested that was obtained from the complainant, she testified that "we were asked to test the vaginal swabs" (plural) "and also the buccal swabs" (plural). RR, V.3, p. 121, Line 9. Later on that page she used the singular and stated that for "that submission of evidence I was looking at a buccal swab from " the complainant.

Ms. Burch was asked the following:

"Q. When you looked at the contents of the vaginal swab and compared it with the buccal swab of Damien Guerrero, did

you make any conclusions ?

A. Yes, I did." RR, V.3, p.125-125.

She testified that her conclusion was that Damien Guerrero cannot be excluded as the contributor of the sperm fraction. RR, V.3, p.128.

The above summary and quotations from the testimony lead to two conclusions. There was no direct evidence that Exhibit 26C contained the vaginal swab of the complainant., and there was no testimony that Exhibits 27a and 27B, known to be buccal swabs of appellant, were the swabs tested and compared to the vaginal swab of the complainant.

When the sufficiency of the evidence is challenged, an appellate court must view all evidence in the light most favorable to the verdict to determine if the jury was rationally justified in finding guilt beyond a reasonable doubt. Brooks v. S 323 S.W.3dtate the court must ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. Williams v. state 235 S.W.3d 742, 750. (Tex. Crim. App. 2007) .

In this motion we have attempted to demonstrate the problems with the DNA evidence in the trial. In its opinion, the court conceded that it took the process of elimination to connect up the vaginal swab to Exhibit 24C.

With respect to the appellant's DNA, to determine that the analyst 's conclusion that there was a match requires the court to fill in the blanks with testimony that was not presented to conclude that she did test 27A and 27B, because she did not testify to it.

In the State's closing argument, the importance of the DNA evidence was emphasized by the prosecutor's statement that first, appellant "left his sperm inside of her sexual organ." Then, the prosecutor said that there "are 5.7 quintillion reasons to find this man guilty", quoting the statistic testified to by the DNA analyst as to the likelihood of appellant being the person whose DNA was found.

## CONCLUSION AND PRAYER

Because the gap in the state's proof is so wide and so significant, appellant prays that this motion for rehearing be granted, and upon rehearing, to reverse and remand this matter for a new trial on all charges , or, in the alternative, to render a judgment of acquittal as to the offense of aggravated sexual assault of a child, and to remand the case for a new trial on the charge of _____.

Respectfully submitted,

/s/ Barry G. Johnson

Barry G. Johnson

SB#10683000
2821 E. Lancaster
Fort Worth, Texas 76103
barrygj@aol.com
817-531-9665
fax 817-534-9888
Attorney for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon Sharen Wilson, Attorney for Appellee, by email, on this the 10th day of April, 2015.

/s/ Barry G. Johnson

_____

Barry G. Johnson

6. Order Denying Motion for Rehearing

FILE COPY



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00611-CR

DAMIEN GUERRERO                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 1263552D

------

## ORDER

------

We have considered "Appellant's Motion for Rehearing."

It is the opinion of the court that the motion for rehearing should be and is hereby denied and that the opinion and judgment of March 26, 2015, stand unchanged.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record.

SIGNED April 30, 2015.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER and WALKER, JJ.

WALKER, J. would grant.

7. Opinion of the Court of Appeals



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00611-CR

DAMIEN GUERRERO                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 1263552D

----

## MEMORANDUM OPINION[1]

----

A jury convicted Appellant Damien Guerrero of the offenses of aggravated sexual assault of a child and indecency with a child by contact. The trial court assessed concurrent seven-year terms of imprisonment as punishment. In three issues, Appellant asserts the evidence is insufficient, the trial court erred in admitting text messages between him and the Complainant, and the jury

----

[1]See Tex. R. App. P. 47.4.

selection was unauthorized because there was no order referring the magistrate to preside over the voir dire. We affirm.

## The Indictment

In count one of the indictment, the State alleged that Appellant on or about October 11, 2011, in Tarrant County, Texas, intentionally or knowingly caused the female sexual organ of Complainant, a child younger than fourteen years of age, to contact the penis of Appellant. Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii), (2)(B) (West Supp. 2014). The State alleged the offense of aggravated sexual assault of a child, which is a first degree felony. *Id.* § 22.021(e). First degree felonies are punishable by imprisonment for life or for any term of not more than ninety-nine years or less than five years and a fine not to exceed $10,000. *Id.* § 12.32 (West 2011).

The State waived count two.

In count three, the State alleged that Appellant on or about October 11, 2011, in Tarrant County, Texas, intentionally, with the intent to arouse or gratify his sexual desire, engaged in sexual contact by touching the breast of Complainant, a child younger than seventeen years. *Id.* § 21.11(a)(1) (West 2011). The State alleged the offense of indecency with a child by contact, which is a second degree felony. *Id.* § 22.11(d). Second degree felonies are punishable by imprisonment for any term of not more than twenty years or less than two years and a fine not to exceed $10,000. *Id.* § 12.33 (West 2011).

2

## Evidence

On the morning of October 11, 2011, Appellant and Complainant, who was thirteen, exchanged text messages about Complainant skipping school to perform fellatio on Appellant. Toting her Dora the Explorer backpack, Complainant left her middle school campus during lunch, got into Appellant's truck, and went to Appellant's apartment, where she and Appellant had sexual intercourse. The next day, when the school's police resource officer and Complainant's mother confronted Complainant about skipping school the previous day, Complainant said she had left school to have sex with a male whose name she did not know.

A school resource officer took Complainant to Cook Children's Hospital for a sexual assault examination. When the sexual assault nurse took Complainant's history, Complainant identified Appellant as the person with whom she had sex and, further, indicated the sex was consensual. Complainant reported penis-to-vagina contact as well as penetration. Complainant also admitted being fondled, which meant being touched with the hand on the breast and genitalia under the clothes. DNA testing later confirmed Appellant had engaged in vaginal intercourse with Complainant.

Complainant testified she was born in December 1997 and was thirteen on October 11, 2011. About a month before the offense, she saw Appellant at a tire store, thought he was attractive, approached him, and asked him for his number under the pretext that it was her sister who wanted to meet him. Complainant

3

said she lied to Appellant about her age and told him she was fifteen. Complainant said she did not know how old Appellant was. She did not see Appellant again until October 11, 2011, but had been communicating with him by texting.

Regarding the offense, Complainant testified at trial that Appellant touched her breasts with his hands. She also said that Appellant used his hands and penis to touch her vagina and that she and Appellant eventually had penetrative sexual intercourse. Complainant said initially she wanted to, then she did not want to, but when she told Appellant to stop, he did not.

Appellant was nineteen at the time of the offense.

### Sufficiency of the Evidence

In his first issue, Appellant asserts the evidence is insufficient because the testimony concerning the DNA evidence did not conclusively link Appellant to the vaginal swab. Appellant complains that the vaginal swabs were never identified. We disagree.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). The issue on appeal is not whether we as a court believe the State's evidence or believe the defense's evidence "outweighs" the

4

State's evidence. *Holloway v. State*, 695 S.W.2d 112, 115 (Tex. App.—Fort Worth 1985), *aff'd*, 751 S.W.2d 866 (Tex. Crim. App. 1988). If there is evidence that establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *Id.*

The sexual assault nurse said she took five swabs off of Complainant's body for DNA. The five swabs were admitted as State's Exhibits 24B, 24C, 24D, 24E, and 24F. The forensic DNA analyst said she recognized her initials on the buccal swabs and the vaginal swabs. Those were identified as State's Exhibits 24B and 24C. The buccal swab was specifically identified as State's Exhibit 24B. By the process of elimination, the vaginal swabs were State's Exhibit 24C. The forensic DNA analyst also said she discovered the presence of sperm on the vaginal swab, extracted the DNA from the sperm cells, compared the DNA to a known sample of Appellant's DNA, and concluded Appellant could not be excluded as a contributor. She said the odds of someone other than Appellant being the contributor were "one out of every approximately 5.7 quintillion individuals of Caucasian, African-American[,] and Southwestern Hispanic descent."

Appellant also complains that the forensic DNA analyst testified only generically regarding DNA testing and theory. The forensic DNA analyst said that the science behind DNA was generally accepted within the scientific community and that DNA was used for identification on a daily basis. Regarding

5

reliability, she said her laboratory was certified by the ISO, which she described as an entity having standards that met and exceeded the national standards. She also explained that each time she ran a DNA test, her lab required standards and safeguards that insured the machines used in testing were working correctly.

Appellant cross-examined the forensic DNA analyst at trial. Appellant did not challenge the validity of the DNA testing and theory. Instead, Appellant got the forensic DNA analyst to concede that it was possible, although unlikely, that the minor contributor to the DNA sample was someone other than Complainant. The analyst said it was possible but unlikely because the minor contributor's data matched Complainant's "so perfectly."

Standing alone, Complainant's testimony provided legally sufficient evidence to support the convictions. *Torres v. State*, 424 S.W.3d 245, 253 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.). It is true Complainant admitted lying about many other things. However, regarding the offenses themselves, the text messages and DNA evidence lent considerable credibility to her testimony.

A child under fourteen cannot legally consent to sex. *May v. State*, 919 S.W.2d 422, 424 (Tex. Crim. App. 1996). Neither offense requires proof that the complainant did not consent. Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii) (aggravated sexual assault); *Id.* § 21.11(a)(1) (indecency with a child). Even if a child complainant consents in fact, that consent is not given any legal effect and provides no defense. *May*, 919 S.W.2d at 424.

6

Viewing the evidence in the light most favorable to the verdict, we hold that any rational trier of fact could have found the essential elements of the offenses beyond a reasonable doubt. *See Winfrey*, 393 S.W.3d at 768. We overrule Appellant's first issue.

## The Admission of Testimony Regarding Complainant's Cell Phone Use

In his second issue, Appellant complains about the testimony of Reginald Sparks, a forensic computer examiner. Detective David Bell asked Sparks to extract data from Complainant's cell phone on October 13, 2011. Sparks thought Detective Bell asked for all the text messages between Appellant and Complainant. Sparks did not recall Detective Bell's specific request, but Sparks said if he had been asked for messages before October 11, he would have provided them. Sparks speculated one explanation for the exhibit not including texts before October 11 was that he requested and obtained permission to restrict the scope of the search based upon the volume of text messages and upon the fact that, on Complainant's particular model, he had to manually transcribe the texts, which was tedious and time consuming. Sparks said another possible explanation was that Complainant's model stored only a certain number of messages. Appellant objected on the basis of optional completeness; he argued that providing just the text messages from October 11 would provide an incomplete and misleading picture to the jury. Complainant's testimony showed there were text messages before October 11, 2011.

The State responds that Appellant does not complain on appeal about the admission of State's Exhibit 28, which provides the text messages between Appellant and Complainant on October 11, 2011. The State contends Appellant's objection at trial was to State's Exhibit 28 and was not to Sparks's testimony. The State concludes that because Appellant did not object to Sparks's testimony, Appellant's complaint is not preserved. *See* Tex. R. App. P. 33.1(a)(1); *Sanchez v. State*, 418 S.W.3d 302, 307–08 (Tex. App.—Fort Worth 2013, pet. ref'd).

The State is correct that at trial Appellant objected to State's Exhibit 28 and not to Sparks's testimony whereas, on appeal, Appellant complains about Sparks's testimony and not about State's Exhibit 28. Appellant argues: "Sparks testified to and authenticated his verbatim transcript of some seventy-four text messages between the two cell phones, seventy of which occurred within a four hour period on October 11, 2011, between 8:26 a.m. and 12:30 p.m." However, we are to construe briefs liberally. *See* Tex. R. App. P. 38.1(f), 38.9. Appellant's argument on appeal appears to be that had the trial court not admitted State's Exhibit 28, Sparks would have had nothing about which to testify. Construing Appellant's brief liberally, his complaint is about the admission of State's Exhibit 28 based upon the rule of optional completeness.

The rule of optional completeness provides:

When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence, as when a letter is read, all letters on the same subject between the same parties may be given. "Writing or recorded statement" includes depositions.

Tex. R. Evid. 107.

Optional completeness provides a mechanism whereby the objecting party may "complete" evidence that has been offered and admitted into evidence by the adverse party for the purpose of correcting any potentially misleading impression. *See Mendiola v. State*, 61 S.W.3d 541, 545 (Tex. App.—San Antonio 2001, no pet.). Rule 107 is not a rule of exclusion but is, instead, a rule of admissibility. *Lomax v. State*, 16 S.W.3d 448, 450 (Tex. App.—Waco 2000, no pet.). Additionally, the rule of optional completeness requires the omitted portions be "on the same subject" and "necessary" to make the earlier admitted evidence fully understandable. *Sauceda v. State*, 129 S.W.3d 116, 123 (Tex. Crim. App. 2004); *Mendiola*, 61 S.W.3d at 545. Even assuming there were earlier texts between Appellant and Complainant on the same subject, Appellant has not shown they were necessary to make the texts of October 11, 2011, fully understandable.

Citing *Brady v. Maryland*, Appellant also argues the State was required to provide evidence favorable to the accused. 373 U.S. 83, 83 S. Ct. 1194 (1963).

9

Appellant did not object at trial on the basis of a *Brady* violation. Appellant has not preserved that argument. Tex. R. App. P. 33.1(a)(1).

We overrule Appellant's second issue.

## The Absence of an Order of Referral Permitting the Magistrate to Conduct Voir Dire

In his third issue, Appellant complains that a magistrate presided over voir dire, but the record does not contain an order of referral by the elected judge. Appellant contends that the judge had to sign an order of referral specifying the magistrate's duties. Appellant contends that without an order of referral, the magistrate had no authority to act. *Ex parte DeLeon*, No. 05-11-00594-CR, 2011 WL 3690302, at *2 (Tex. App.—Dallas Aug. 24, 2011, no pet.) (not designated for publication) (relying on *Ex parte Pardun*, 727 S.W.2d 131, 132–33 (Tex. App.—Dallas 1987, no pet.) (per curiam)[2]).

The State responds that Appellant did not object to the magistrate and that this court has previously ruled that in order to challenge a trial court's referral of voir dire to a magistrate, the appellant must have preserved error in the trial court. *See Nash v. State*, 123 S.W.3d 534, 536–37 (Tex. App.—Fort Worth 2003, pet. ref'd) (citing *Lemasurier v. State*, 91 S.W.3d 897, 900 (Tex. App.—Fort Worth 2002, pet. ref'd); *McKinney v. State*, 880 S.W.2d 868, 870 (Tex. App.—Fort Worth 1994, pet. ref'd)); *Hoag v. State*, 959 S.W.2d 311, 313 (Tex. App.—

---

[2]In *Pardun*, the magistrate exceeded the scope of the referral order. *Pardun*, 727 S.W.2d at 132–33. The opinion never addresses a failure to preserve error or the implications of a failure to preserve error. *Id.*

Fort Worth 1997, no pet.) (citing *Davis v. State*, 956 S.W.2d 555, 557, 560 (Tex. Crim. App. 1997)). The State concedes *DeLeon* holds in Appellant's favor. However, the State correctly asserts *DeLeon* is not binding authority upon this court. *See Shook v. State*, 156 Tex. Crim. 515, 517, 244 S.W.2d 220, 221 (1951) (op. on reh'g) (stating that courts are not bound by the decisions of other courts of equal jurisdiction). The State also points out that *DeLeon* is not a published case. Unpublished criminal opinions have no precedential value. Tex. R. App. P. 47.7(a). The State concludes, therefore, that this court should follow its own earlier authority and overrule Appellant's third ground for failure to preserve error. Tex. R. App. P. 33.1(a)(1); *Nash*, 123 S.W.3d at 537. Because *DeLeon* has no precedential value as an unpublished opinion, and because our own *Nash* opinion is controlling on this issue, we agree with the State.

We overrule Appellant's third issue.

## Conclusion

Having overruled Appellant's three issues, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 26, 2015

11