Tyrone Eugene DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 1538–96.

Court of Criminal Appeals of Texas, En Banc.

Oct. 15, 1997.

Sue Walker, Fort Worth, for appellant.

Steven W. Conder, Asst. Dist. Atty., Fort Worth, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

Appellant pleaded guilty before a magistrate to possession of a controlled substance. Pursuant to a plea bargain, imposition of appellant's sentence was suspended, and he was placed on probation. Later, the trial court revoked appellant's probation and sentenced him to confinement for eight years.

On appeal, appellant challenged the revocation by arguing that the order placing him on probation was void because the district judge's order referring appellant's cause to the magistrate was signed two days after the plea was taken. Consequently, he argued, the referral was untimely and did not confer jurisdiction to the magistrate to preside over the plea proceedings. The Court of Appeals agreed and reversed the conviction. *Davis v. State*, 928 S.W.2d 289 (Tex.App.—Fort Worth 1996). We granted the State's petition for discretionary review to determine whether the error in failing properly and timely to refer the case to the magistrate was a jurisdictional error. We will reverse.

Chapter 54, Subchapter H of the Texas Government Code provides for criminal law

magistrates in Tarrant County. V.T.C.A., Government Code, Section 54.651, et seq. District judges may refer certain types of cases to a magistrate, but the trial court must issue an order of referral to do so. V.T.C.A., Government Code, Sections 54.656 and 54.657. Under Section 54.662, the trial court may modify, correct, reject, reverse, or recommit for further information the magistrate's actions. If the trial court exercises none of those options, the magistrate's actions become the decree of the trial court. Here, the judge of the district court having jurisdiction over the case signed a combination "Referral and Adoption Order" after the magistrate heard Appellant's plea. The Court of Appeals held that this after-the-fact referral order was untimely and ineffectual; therefore, jurisdiction was never conferred upon the magistrate, and the order placing appellant on probation was void. *Davis*, 928 S.W.2d at 291. It concluded that since this error was jurisdictional, it could be raised for the first time on appeal. *Id.* at 290.

The State's petition does not contest the Court of Appeals' determination of error due to the untimeliness of the referral order. Instead, the State maintains that Appellant waived error by not objecting at trial. The Court of Appeals held that this error could be raised at any time because under *Spindler v. State*, 740 S.W.2d 789 (Tex.Cr.App.1987), the authority of a magistrate to preside over a cause is jurisdictional. *Davis*, 928 S.W.2d at 290. The State submits that the Court of Appeals erred by relying on *Spindler* because it was decided prior to the amendment to Article V, Section 12 of the Texas Constitution and it improperly applied *Gallagher v. State*, 690 S.W.2d 587 (Tex.Cr.App.1985).

Article V, Section 12 provides, "[t]he presentment of an indictment or information to a court invests the court with jurisdiction of the cause." The State argues that under *Kelly v. State*, 724 S.W.2d 42 (Tex.Cr.App. 1987), the magistrate merely acts as a surrogate for the judge of the court having jurisdiction over the case. It reasons that since the indictment invests jurisdiction in the district court for which the magistrate acts, once vested, the district court's jurisdiction cannot be defeated by irregularities in the manner in which the case was referred to the magistrate.

■ Jurisdiction is generally understood to denote judicial power or authority. However, as we shall explain, this term is often misapplied. Article V, Section 1, of the Texas Constitution establishes jurisdiction as follows:

> "The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in courts of Justices of the Peace, and in other such courts as may be provided by law. The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto."

Article V, Section 8 of the constitution specifies the jurisdiction of district courts. The constitution does not mention "jurisdiction" of judges, although it does set out the qualifications of district judges, Article V, Section 7,[1] and the circumstances under which a judge is disqualified from presiding over a particular case, Art. V, Section 11.[2] "Although a judge is not a court, and jurisdiction is ordinarily vested in the court and not in its judges, the act of a judge within his jurisdiction may constitute the act of the court." 48A C.J.S. Judges Section 54 (1981). "Jurisdiction, in its narrow sense, is something possessed by courts, not by judges. The judge is merely an officer of the court, like

---

1. "Each district judge shall be elected by the qualified voters at a General Election and shall be a citizen of the United States and of this State, who is licensed to practice law in this State and has been a practicing lawyer or a judge of a Court in this State, or both combined, for four (4) years next preceding his election, who has resided in the district in which he was elected for two (2) years next preceding his election, and

who shall reside in his district during his term of office."

2. "No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case."

the lawyers, the bailiff and the court reporter. He is not the court itself." *Ex parte George*, 913 S.W.2d 523 (Tex.Cr.App.1995). "The authority and powers of a judge are incident to, and grow out of, the jurisdiction of the court itself." 48A C.J.S. Judges Section 54 (1981). Strictly speaking then, jurisdiction encompasses only the power of the tribunal over the subject matter and the person. In that sense, the State's argument is correct.

■ Nevertheless, it is incorrect to suggest that the authority of the judge presiding over the case has no bearing on the validity of the proceeding. This Court has explained that a judgment is not immune from jurisdictional challenge simply because an indictment has been returned; the judge must also have authority to preside over the case. *Johnson v. State*, 869 S.W.2d 347, 349 n. 5 (Tex.Cr.App.1994).[3] This court has held that a judge's disqualification arising from a constitutional or statutory provision "affects jurisdiction" and renders the proceeding a nullity. *Lee v. State*, 555 S.W.2d 121 (Tex.Cr. App.1977). However, as pointed out above, it is a misnomer to speak of the jurisdiction of a judge outside the realm of the jurisdiction of the court in which he sits.

In his concurring opinion in *Stine v. State*, 908 S.W.2d 429 (Tex.Cr.App.1995), Judge Meyers observed:

"Although the word 'jurisdiction' has a broad meaning in common parlance, and is often used as a synonym for 'authority' even in legal writing, it is traditionally considered in the law to identify a much more specific kind of power. A court's jurisdiction is comprised generally of its authority to render a particular kind of judgment (such as an order of commitment or a judgment for money damages) in some kinds of disputes (such as felony criminal prosecutions or personal injury lawsuits) between certain classes of persons (such as everyone present within the state or within a subdivision of the state). There are of course, many other nonjuris-

dictional aspects of litigation in which the conduct of a court is controlled by law. Sometimes, when the court's conduct violates one of these laws, especially a law which seems 'mandatory' on its face, it is common to say that the court did not have authority to act as it did. But it is a mistake to say that the court was without jurisdiction in the matter." *Stine v. State*, 908 S.W.2d at 434 (Meyers, J., concurring) (citations omitted).

Similar to the tendency to confuse jurisdiction with authority is the practice in legal vernacular of referring to both the institution and the person presiding over it as the "court." Either or both of these common misconceptions led the *Spindler* plurality to reason, "The question of the jurisdiction of the convicting court, *or in this instance the jurisdiction or authority of the magistrate to act*, may be raised at any time because judicial action without jurisdiction is void." *Spindler*, 740 S.W.2d at 791 (emphasis added). *Spindler* was relying on *Gallagher*, which held, "The question of the jurisdiction of the convicting court may be raised at any time." However, *Gallagher* was a true jurisdictional issue. It dealt with the subject matter jurisdiction of the tribunal, which is constitutionally mandated. *Spindler*, on the other hand, dealt neither with the tribunal nor its constitutional jurisdiction. It dealt with the authority of a magistrate. Therefore, *Spindler* failed to perceive a difference between jurisdiction and authority and between the institution of the court and the person acting for it.

■ In addition to equating these distinct concepts without analysis, *Spindler's* extension of *Gallagher* is wrong because a judge's lack of power or authority to act over a case has not always been held to be a question of jurisdiction, or more precisely, has not always resulted in a holding that the conviction was void and subject to collateral attack. For example, the authority of a duly elected district judge or a retired judge must be raised by quo warranto proceedings, *Archer*

---

**3.** *Johnson* held that Government Code Section 74.121(a), which authorizes the exchange of benches between judges of statutory and constitutional courts, did not authorize the judge of a constitutional court which lacked criminal jurisdiction to exchange benches with a statutory court having criminal jurisdiction and preside over a criminal case.

*v. State,* 607 S.W.2d 539 (Tex.Cr.App.1980), and an objection must be lodged to preserve error in a complaint that a special judge was improperly appointed. *Miller v. State,* 866 S.W.2d 243 (Tex.Cr.App.1993). Therefore, unlike the subject matter jurisdiction of the court, the power or authority of the person presiding over the court is not jurisdictional, and depending on the type of error, cannot always be collaterally attacked. To the extent *Spindler* asserts to the contrary, it is incorrect.

While our case law has called the authority of the judge to preside a jurisdictional issue, we now disavow that characterization, because as we have explained, jurisdiction or judicial power is vested in courts, not individuals. This is not to say that judicial functions performed by one without any authority to act may not be void. For example, if the trial judge is related to a party by affinity or consanguinity or had formerly prosecuted the same case he now presides over, he is constitutionally disqualified under Article V, Section 11. See *Ex parte Vivier,* 699 S.W.2d 862 (Tex.Cr.App.1985); *Ex parte Washington,* 442 S.W.2d 391 (Tex.Cr.App.1969). In *French v. State,* 572 S.W.2d 934 (Tex.Cr.App. 1978)(on second motion for rehearing), a temporary appointed municipal judge's actions were held void because he had not taken the oath of office as required for elected judges and appointed officers by Article XVI, Section 1, Texas Constitution. Therefore, as opposed to being disqualified from acting in a particular case, the special judge in *French* was not qualified because he had not taken the constitutionally required oath. See also *Herrod v. State,* 650 S.W.2d 814 (Tex.Cr.App.1983)(retired judge was not authorized to preside because record failed to show: an order of assignment from the administrative judge, that the duly elected judge was disabled, and that the retired judge had executed the bond and taken the oath of office). But see *Buchanan v. State,* 471 S.W.2d 401 (Tex.Cr.App.1971)(absent showing to the contrary, court presumes that retired judge was properly assigned to the case).

■ Common to all of the above cases which hold the conviction void is the constitu-

tional or statutory *disqualification* or lack of *qualification* of the judge. If the putative judge did not possess the prescribed qualifications to act in that capacity or he was disqualified from a particular case because of his relationship to the case or a party, he had no authority over the proceedings and his actions were a nullity.

■ On the other hand, errors involving the violation of a statutory procedure have not been deemed to be void, but voidable. In *Miller,* the defendant claimed that the procedures for appointing a special judge were not followed, and the special judge had no "jurisdiction" to hear the case. While the docket sheet noted that the individual had been appointed on motion of the court, the statutory requirements that the defendant receive notice and a hearing on the issue were not met, and Miller had not agreed to the appointment. We held that the defendant's attack in that case was directed at the procedure in which the special judge was appointed to the case, not to the subject matter jurisdiction of the court itself, and it was not a claim that the special judge was disqualified as a matter of law from serving as a judge. *Miller,* 866 S.W.2d at 246 n. 6. We concluded that this type of error required an objection for appellate review. *Id.* at 245–46. Thus, the conviction was voidable, but not void. Therefore, if a judge is qualified and not constitutionally or statutorily disqualified, his actions are not void due to procedural irregularities in the manner in which the case came before that individual, although it may be error rendering the conviction voidable.

■ All of the cases discussed above deal with the authority of judges, whose qualifications and disqualifications are constitutionally set. This case, however, deals with the authority of a magistrate. The Court of Appeals and the *Spindler* plurality it relied upon assumed that impediments to a judge's authority would apply equally to a magistrate. However, a magistrate is not a judge in his own right and acts as a surrogate of the duly elected judge of the district court. *Kelley v. State,* 676 S.W.2d 104, 107 (Tex.Cr. App.1984). "No act of the magistrate is legally binding unless and until the magistrate's actions are adopted by the referring

court.[4] They have no power of their own and are unable to enforce any ruling." *Id.* (footnote added). Technically, the district judge does not transfer the authority to preside over the case to the magistrate, rather the judge acts through the magistrate. See *Kelly,* 724 S.W.2d at 47 ("The [Magistrates] Act does not increase or diminish the constitutional jurisdiction of the District Court of Dallas County sitting in and for the 194th District."). It follows that the magistrate is not subject to the same constitutional qualifications as the judge. Therefore, if the district judge has authority over the case, the magistrate is qualified to be a magistrate,[5] and he performs an act authorized under V.T.C.A., Government Code,Section 54.656, his acts are not void.

 Applying these principles to the instant case, neither the subject matter or personal jurisdiction of the district court, nor the authority of its judge, nor the magistrate's qualification to hold the position of magistrate have been questioned. The district court was authorized by statute to refer this case to a magistrate and purported to do so when it signed the referral and adoption order. The error in this case concerned the process by which the district judge referred this case to its surrogate, whose acts were adopted by the trial court. Therefore, jurisdiction was not affected and the order placing Appellant on probation was not void even though a procedural irregularity arose due to the untimeliness of the referral order. This is not to say that the case was properly transferred, only that the error was not jurisdictional and the conviction is not void.

The Court of Appeals erred by holding that this error was jurisdictional and could be raised for the first time on appeal. Accordingly, its judgment is reversed and the judgment of the trial court is affirmed.

OVERSTREET, J., concurs in the result.

---

4. A magistrate's actions are deemed to be adopted by the trial court if the trial court does not alter them. V.T.C.A., Government Code, Section 54.652.

5. A magistrate must be a resident of this State licensed to practice law in this State for four years. V.T.C.A., Government Code, Section 54.652.