11th Court of Appeals








11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Leonard Earl Brown

Appellant

Vs.                   No.
11-01-00163-CR B Appeal from Dallas County 

State of Texas

Appellee

 

                                                             Memorandum
Opinion

After
Leonard Earl Brown and his court-appointed attorney requested that his case Abe referred to a Criminal District Magistrate
of Dallas County,@ the
district judge entered an order on March 6, 2001, which referred the cause to a
magistrate Afor the purpose of defendant entering his
plea in accordance with the plea bargain agreement.@  The
reporter=s record showed that the magistrate had a
hearing on the same date in which appellant was admonished and that appellant
entered a plea of Aguilty@ to the first degree felony offense of
aggravated robbery.  The Aplea agreement@ showed that this was an Aopen plea@ which
was open as to: Aall issues.@  The magistrate found that
appellant was mentally competent, that appellant understood the nature and
consequences of the charge, and that the waiver of jury trial and the
stipulation of testimony (a judicial confession of guilt) were voluntarily
made.  The magistrate accepted the plea
and then Apassed@ the case until a later date for Afurther adjudication, if any, and for punishment and for any other
matters deemed necessary.@  The district judge entered an
order which adopted and ratified Athe actions taken by the Magistrate on behalf of this Court.@

At the
hearing before the district judge on March 20, 2001, the only additional
evidence was testimony by appellant in support of his request for deferred
adjudication.  At the end of testimony
and after arguments for and against deferred adjudication, the district judge
found that appellant was guilty and set his punishment at 10 years
confinement.  We affirm.

 








                                                                   Points
of Error

Appellant
has a different court-appointed attorney on appeal.  He argues in his first three points of error that:  (1) the Dallas County Criminal Magistrates
Act was not properly applied; (2)  the
magistrate did not have authority under the order of referral to accept the
jury waiver; and (3)  the judgment and
sentence are invalid because the magistrate did not have authority to accept
the plea of guilty without a plea bargain. 
Appellant=s court-appointed lawyer on appeal also
presents a point of error prepared by appellant which reads in full as shown:

APPELLANT RECEIVED
DEFICIENT LEGAL REPRESENTATION DURING THE PLEA OF GUILTY PHASE OF HIS TRIAL IN
VIOLATION OF PETITIONER=S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND
FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW.

 

APPELLANT RECEIVED
DEFICIENT LEGAL REPRESENTATION DURING THE PENALTY PHASE OF HIS TRIAL IN
VIOLATION OF APPELLANT=S
SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND FOURTEENTH
AMENDMENT RIGHT TO DUE PROCESS OF LAW.

 

APPELLANT WAS PREJUDICED
BY EACH OF THE ERRORS LISTED ABOVE. 
MOREOVER, APPELLANT HAS IDENTIFIED AN ACCUMULATION OF ERRORS SUCH THAT
APPELLANT=S TRIAL PROCEEDINGS WERE FUNDAMENTALLY
UNFAIR, THEREBY VIOLATING PETITIONER=S EIGH[TH] AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL
PUNISHMENT, AND FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW.

 

                                                     The
Criminal Magistrate=s Actions

TEX. GOV=T CODE ANN. ' 54.301 et seq. (Vernon 1998 & Supp. 2002) authorizes the judges of
the district courts and county criminal courts of Dallas County to appoint
magistrates to perform the duties authorized by that subchapter of the
government code.  Section 54.306 lists
the proceedings which may be referred. 
While Subsection 54.306(b) provides that magistrates Amay not preside over a trial on the merits,@ Subsection 54.306(a) makes it clear that the
judges are authorized to:

[R]efer to a magistrate any matter arising
out of a criminal case involving: (1) a negotiated plea of guilty or nolo
contendere before the court...and (7) any other matter the judge considers
necessary and proper.  (Emphasis
added)

 








When the
district judge Aadopted and ratified@ the actions of the magistrate, the
magistrate=s actions became the actions of the
judge.  See Davis v. State, 956 S.W.2d
555, 560 (Tex.Cr.App.1997).  Points of
Error Nos. 1 thru 3 are overruled.

                                                              Assistance
of Counsel

The
standard of review for claims of Aineffective assistance of counsel@ is well established.  See
Strickland v. Washington, 466 U.S. 668, 687-94 (1984).  The Court of Criminal Appeals made it clear
in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999), that the Anow familiar two-prong Strickland test@ applies to all aspects of criminal
proceedings.  Consequently, the law is
clear that, in order to obtain a reversal of his conviction, appellant must
first show that his counsel was deficient; then he must also show that Athe result of the proceeding would have been
different@ if his counsel had rendered effective
assistance.  The record in the case
before us does not show ineffective assistance of counsel.  Point of Error No. 4 is overruled.

                                                                This
Court=s Ruling

The judgment
of the trial court is affirmed.

 

BOB
DICKENSON

SENIOR
JUSTICE

 

April 18, 2002  

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

McCall, J., and Dickenson, S.J. [1]











[1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.