

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-12-00366-CR**
**NO. 02-12-00367-CR**
**NO. 02-12-00368-CR**
**NO. 02-12-00369-CR**
**NO. 02-12-00370-CR**

ERIC GERARD HOLMES JR.                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

As part of a plea-bargain agreement, Appellant Eric Gerard Holmes Jr. pled guilty to three burglaries and two attempted burglaries. In exchange, the

---

[1]*See* Tex. R. App. P. 47.4.

trial court granted him a ten-year term of deferred-adjudication community supervision (probation) and ordered him to pay a fine. During the term, the State alleged that Appellant had violated a number of the conditions of his probation, and it petitioned the trial court to adjudicate Appellant's guilt and revoke his probation. Under authority of the government code, the district court judge transferred the cases to a magistrate, who, after conducting a hearing, adjudicated Appellant's guilt, revoked his probation, and sentenced him to 10 years' confinement in two of the cases, 13 years' confinement in two others, and 15 years' confinement in one, all sentences to run concurrently.

Now, for the first time on appeal, Appellant claims that the revocations and sentences are void for lack of jurisdiction because the record does not contain a written "transfer order" from the district judge to the magistrate. We affirm.

**Discussion**

There is no written transfer order in the record. The record is also devoid of any objection from Appellant regarding the trial court's referral of his cases to the magistrate. This court has previously addressed an unobjected-to challenge to a magistrate's authority to conduct voir dire. In that case, we held that, because the appellant failed to make timely objections to the magistrate's conducting voir dire, he did not preserve any error as to whether the magistrate had statutory authority to do so. *McKinney v. State*, 880 S.W.2d 868, 870 (Tex. App.—Fort Worth 1994, pet. ref'd). Similarly, the court of criminal appeals has held that "procedural irregularities," including signing a transfer order *after* the

2

magistrate had accepted a defendant's plea, are not jurisdictional and therefore cannot be raised for the first time on appeal. *Davis v. State*, 956 S.W.2d 555, 557, 560 (Tex. Crim. App. 1997) (clarifying that the only issue that is jurisdictional and may be raised on appeal for the first time with regards to a magistrate is the magistrate's qualification to hold the position of magistrate).[2]

Appellant does not dispute that the *district court* had jurisdiction; he argues that the *magistrate* acted without jurisdiction. But jurisdiction is vested in courts not judges. *See Carrillo*, 2 S.W.3d at 277; *Davis*, 956 S.W.2d at 557–58. Once a district court has jurisdiction over a case (as Appellant concedes the district court had over his) and the district court judge assigns some aspect of the case to be heard by a magistrate, the district court does not lose jurisdiction over the case. *See Davis*, 956 S.W.2d at 560 ("Technically, the district judge does not transfer the authority to preside over the case to the magistrate, rather the judge acts through the magistrate."). And as long as the district court has jurisdiction and the magistrate was qualified to act as a magistrate, the actions of a magistrate taken on behalf of the district court are not rendered void. *Id.*

---

[2]Appellant attempts to distinguish *Davis* by highlighting the fact that in that case the trial court judge signed an order authorizing the magistrate to act six days after the magistrate had acted. But jurisdictional defects cannot be retroactively cured, and the court of criminal appeals in *Davis* did not so hold. *See Davis v. State*, 928 S.W.2d 289, 291 (Tex. App.—Fort Worth, 1996), *rev'd on other grounds*, 956 S.W.2d 555; *see also Carrillo v. State*, 2 S.W.3d 275, 277 (Tex. Crim. App. 1999) ("We agreed with the State [in *Davis*], clarifying that jurisdiction should generally be viewed as vested in courts, not judges. Unlike subject matter jurisdiction in a court, the authority of a judge is not jurisdictional.").

Appellant does not claim the magistrate was not qualified and, as we have noted, he does not claim that the district court lacked jurisdiction.

Appellant's sole claim, then, that the magistrate's actions were void because the trial court failed to include a transfer order (which we will assume is required by the government code) is statutory in nature, and not, as Appellant contends, jurisdictional. Therefore, Appellant's claim is subject to ordinary rules of procedural default. Since he did not object to the lack of a transfer order before now, and also failed to object to the authority of the magistrate to conduct the hearing on the State's petition to adjudicate and revoke probation, he has forfeited his complaint. Accordingly, we overrule Appellant's sole issue. *See Lemasurier v. State*, 91 S.W.3d 897, 900 (Tex. App.—Fort Worth 2002, pet. ref'd).

## Conclusion

Having overruled Appellant's sole issue in these appeals, we affirm the judgments.

/s/ Anne Gardner

ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 27, 2014

4