

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00146-CR
_____


LEE ERNEST SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1502349D



Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# O P I N I O N

A Tarrant County[1] jury convicted Lee Ernest Smith of failing to comply with sex offender registration requirements, a third-degree felony. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2) (West 2018). After the jury found true the State's habitual offender allegations, Smith was sentenced to seventy years' imprisonment.

The appellate record demonstrates that the case was tried by the Honorable Daryl Coffey, who was sitting by assignment for the Honorable David Hagerman, the presiding judge of the 297th Judicial District Court in Tarrant County, Texas. On appeal, Smith argues that the trial court's judgment was void because Judge Coffey is a retired judge and the appellate record failed to include paperwork required to be filed by the clerk in cases where a retired, visiting judge is appointed.

The State argues that the judgment is not void because Smith's appeal does not challenge the trial court's jurisdiction and that Smith has failed to preserve his complaints for our review. We find that Smith's procedural complaints related to the clerk's omission of paperwork are unpreserved. We further overrule Smith's remaining points of error after finding that he has failed to overcome the presumption of regularity afforded to the proceedings. However, we modify the trial court's judgment to reflect both the correct statute of offense and a plea of not true to the State's habitual offender allegation. As modified, we affirm the trial court's judgment.

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Second Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

2

## I.     Smith's Procedural Complaints Are Unpreserved

Smith argues that the trial court's judgment is void because the clerk allegedly failed to comply with Section 25.0018 of the Texas Government Code, which states:

> (a)     When a retired or former judge is appointed as a visiting judge, the clerk shall enter in the administrative file as a part of the proceedings in the cause a record that gives the visiting judge's name and shows that:
>
> > (1)     the judge of the court was disqualified, absent, or disabled to try the cause;
> >
> > (2)     the visiting judge was appointed; and
> >
> > (3)     the oath of office prescribed by law for a retired or former judge who is appointed as a visiting judge was duly administered to the visiting judge and filed with the regional presiding judge.
>
> (b)     "Administrative file" means a file kept by the court clerk for the court's administrative orders and assigned a cause number.

TEX. GOV'T CODE ANN. § 25.0018 (West 2004).[2]

Without citation, and although the procedure for appointment of visiting judges is contained in Chapter 74 of the Texas Government Code, Smith contends that Section 25.0018 "must be followed to qualify such an appointment." Because the appellate record does not include a separate document containing the clerk's entry of the information listed by Section 25.0018, Smith argues that Judge Coffey was unqualified and that any judgment entered by him was void as a matter of law. Because this issue was not raised below, the State argues it is unpreserved.

---

[2]A judicial retiree who consents to become a senior judge subject to assignment may "sit on any court of the state of the same or lesser dignity as that on which the person sat before retirement." TEX. GOV'T CODE ANN. § 75.002(a)(1) (West 2013). Smith asserted that Judge Coffey is a retired Tarrant County criminal district court judge. Tarrant County criminal district courts "have jurisdiction of criminal cases within the jurisdiction of a district court." TEX. GOV'T CODE ANN. § 24.910(c) (West 2004).

"Strictly speaking . . . , jurisdiction encompasses only the power of the tribunal over the subject matter and the person." *Davis v. State*, 956 S.W.2d 555, 558 (Tex. Crim. App. 1997) (en banc); *Lopez v. State*, 57 S.W.3d 625, 627 (Tex. App.—Corpus Christi 2001, pet. ref'd). "[U]nlike the subject matter jurisdiction of the court, the power or authority of the person presiding over the court is not jurisdictional, and depending on the type of error, cannot always be collaterally attacked." *Davis*, 956 S.W.2d at 559. The proceeding is only a nullity where "a judge's disqualification [arises] from a constitutional or statutory provision [that] 'affects jurisdiction.'" *Lopez*, 57 S.W.3d at 627–28 (quoting *Davis*, 956 S.W.2d at 558). "On the other hand, errors involving the violation of a statutory procedure do not render a judgment void for jurisdictional reasons." *Id.* at 628 (quoting *Davis*, 956 S.W.2d at 559). "Therefore, if a judge is qualified and not constitutionally or statutorily disqualified, his actions are not void due to procedural irregularities in the manner in which the case came before that individual, although it may be error rendering the conviction voidable." *Davis*, 956 S.W.2d at 559.

Smith's complaint that the clerk allegedly failed to comply with Section 25.0018 involves a procedural irregularity which cannot be raised for the first time on appeal. *See Caldwell v. State*, 962 S.W.2d 706, 707 (Tex. App.—Fort Worth 1998, no pet.) (per curiam) (citing *Davis*, 956 S.W.2d at 557); *see also Connaly v. State*, No. 2-08-264-CR, 2009 WL 1650028, at *1 (Tex. App.—Fort Worth June 11, 2009, no pet.) (mem. op.).[3] Because Smith did not raise the issue below,[4] his arguments related to Section 25.0018 are unpreserved.

---

[3]Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

[4]Although Smith filed a motion for new trial, he did not raise issues involving Section 25.0018.

## II. Smith Failed to Overcome the Presumption of Regularity

Smith's briefing complains that the appellate record fails to contain the information described by Section 25.0018. Specifically, Smith argues, by separate points of error, that (1) "[t]here is no record in the administrative file made a part of the proceedings . . . that gives the name of the visiting judge," (2) the record fails to indicate that Judge Hagerman was disqualified, absent, or disabled to try the case, and (3) the record does not show that the oath of office for the visiting judge was filed and made a part of the proceedings. We do not interpret his briefing to assert that Judge Coffey was in fact statutorily or constitutionally disqualified. In other words, we do not believe Smith argues that Judge Coffey was not a visiting judge, that Judge Hagerman was not disqualified, absent, or disabled, or that Judge Coffey did not take the required oaths. Nevertheless, we address Smith's complaints out of an abundance of caution to the extent they can be fairly interpreted to challenge Judge Coffey's legal qualifications. *See Macias v. State*, 539 S.W.3d 410, 419 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd).

The record here demonstrates that Smith's first two points of error are meritless. The clerk's record clearly provides the name of the judge by listing "Hon. DARYL COFFEY sitting for DAVID HAGERMAN, Presiding Judge." The reporter's record specifically indicates that Judge Hagerman was absent since Judge Coffey declared the following: "Judge Hagerman, your elected district court judge here, is getting his yearly judicial education down in San Antonio, so I'm sitting for him this week."

As for his last point of error, "the presumption of the regularity of trial court judgments and proceedings applies to appellate challenges of visiting trial court judges for alleged failures to

5

take their constitutionally required oaths." *Macias*, 539 S.W.3d at 419; *Murphy v. State*, 95 S.W.3d 317, 320 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Because the burden is on the defendant to rebut the presumption of regularity, "an appellant who raises such a challenge 'must make a prima facie showing that the trial judge did not take the required oaths before we will consider the issue on the merits.'" *Macias*, 539 S.W.3d at 419 (quoting *Murphy*, 95 S.W.3d at 320).

Where, as here, a defendant does not raise the issue with the trial court, he cannot overcome the presumption of regularity that the trial judge took the required oaths by mere allegation without any proof in the record. *Id.*; *see Connaly*, 2009 WL 1650028, at *1. Accordingly, we overrule all of Smith's points of error.

### III.    We Must Modify the Judgment

This court has authority to modify judgments to speak the truth when the necessary information is available to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). The trial court's judgment reflected that the statute of Smith's offense was Article 62.10 of the Texas Code of Criminal Procedure. However, in 2005, Article 62.10 was redesignated as Article 62.102 and amended during the 79th Regular Session of the Texas Legislature. *See* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385, 3386, 3407 (current version at TEX. CODE CRIM. PROC. art. 62.102). Accordingly, we modify the trial court's judgment to show that Article 62.102 is the correct statute of offense.

Additionally, the record demonstrates that Smith pled not true to the State's habitual offender allegation, but the judgment mistakenly reflects a plea of true. Therefore, we further

6

modify the trial court's judgment to reflect that Smith pled not true to the State's enhancement allegation.

## IV. Conclusion

We modify the trial court's judgment to reflect (1) that Article 62.102 of the Texas Code of Criminal Procedure is the correct statute of offense and (2) that Smith pled not true to the State's habitual offender allegation. As modified, we affirm the trial court's judgment.


Ralph K. Burgess
Justice

Date Submitted:     February 6, 2019
Date Decided:       February 7, 2019

Do Not Publish