

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00088-CR

**BRIAN TODD DEKLE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2016-324-C1**

## MEMORANDUM OPINION

The jury convicted Brian Dekle in Count Nos. 1, 3, 4, and 5 of the indictment for the offense of aggravated sexual assault of a child and assessed punishment at 74 years confinement for each count. The jury convicted Dekle in Counts 6 and 8 for the offense of sexual assault of a child and assessed punishment at 20 years confinement for each count. The jury convicted Dekle in Count 9 for the offense of indecency with a child by contact and assessed punishment at 20 years confinement. We affirm.

In the first issue, Dekle complains that the trial court was "without power" to hear his case. Dekle was tried to a jury on February 19, 2019 through February 21, 2019. Judge Strother, the elected judge of the 19th District Court of McLennan County, began the trial and presided over the trial until the conclusion of the evidence. Judge Hodges presided over the conclusion of the trial, including closing arguments, reading the charge, and receiving the verdict. Judge Hodges was appointed by the McLennan County Commissioners Court to act as an associate judge for all courts of McLennan County. Judge Hodges was assigned as a visiting judge for all courts of McLennan County by Presiding Judge Billy Ray Stubblefield for a period beginning October 16, 2018 through September 30, 2019.

Dekle argues that Judge Hodges was not qualified to preside over the trial. Dekle contends that Hodges was hired as an associate judge for McLennan County and that his employment prevents him from serving as a visiting judge. Jurisdiction is something possessed by courts, not by judges. *Davis v. State*, 956 S.W.2d 555, 557 (Tex. Crim. App. 1997). Dekle does not argue that the trial court did not have jurisdiction to hear his case.

The qualification of the trial judge could have been raised at trial. *See Ex parte Richardson*, 201 S.W.3d 712, 714 (Tex. Crim. App. 2006). Dekle did not object to Judge Hodges presiding over a portion of the trial. Dekle was aware that Judge Hodges would preside over the closing arguments and jury deliberations, but he did not raise any objection to Judge Hodges. Trial counsel for Dekle in fact stated, "…we don't have any

problem with Judge Hodges coming in tomorrow." Because Dekle did not object to the qualifications of Judge Hodges at trial, we find that he has not preserved his complaint for review. *See Ex parte Richardson*, 201 S.W.3d at 714.

Dekle raised a second issue in his initial brief. However, on November, 5, 2019, his counsel filed an abandonment of that issue. Therefore, we will not address that issue.

We affirm the trial court's judgment.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
(Chief Justice Gray concurring)*
Affirmed
Opinion delivered and filed January 29, 2020
Do not publish
[CRPM]

*(Chief Justice Gray concurs in the Court's judgment. A separate opinion will not issue.)

