

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00377-CR

———————————————————

MUQTASID QADIR, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 0591998D

---

Before Sudderth, C.J.; Gabriel and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

Appellant Muqtasid Qadir, pro se, appeals an order signed by a magistrate denying his fourth motion for postconviction DNA testing. In a single issue, Qadir contends that he did not consent to a magistrate ruling on his motion and that only a "convicting court judge" may rule on a motion for postconviction DNA testing. Qadir requests that we declare the order void and remand this case to the court for a ruling by the "appropriate convicting trial court."[1] Because we conclude that the criminal law magistrate had authority to rule on Qadir's motion for postconviction DNA testing without the parties' consent, we affirm.

## Background

More than twenty years ago, Qadir was convicted for murdering his girlfriend, and this court affirmed that conviction on appeal. *See Qadir v. State*, No. 2-09-276-CR, 2010 WL 3377794, at *1–3 (Tex. App.—Fort Worth Aug. 27, 2010, pet. ref'd) (mem. op., not designated for publication) (citing *Qadir v. State*, No. 02-96-00123-CR, slip op. at 1–2 (Tex. App.—Fort Worth Aug. 14, 1997, no pet.) (not designated for publication)). Since his conviction, Qadir has filed several appeals, including multiple appeals relating to prior motions for postconviction DNA testing. *See id.* (listing several appeals filed by Qadir and affirming denial of motion for postconviction DNA testing); *see also Qadir v. State*, No. 02-13-00308-CR, 2014 WL 1389545, at *4–7

---

[1]In his brief, Qadir states that he filed a motion to recuse the presiding district court judge as well; this motion to recuse is not part of the record on appeal.

2

(Tex. App.—Fort Worth Apr. 10, 2014, no pet.) (mem. op., not designated for publication) (affirming order denying third motion for postconviction DNA testing); *Qadir v. State*, No. 02-12-00558-CR, 2013 WL 1337944, at *1 (Tex. App.—Fort Worth Apr. 4, 2013, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeal from denial of third motion for postconviction DNA testing for lack of jurisdiction because trial court had not acted on the motion).

On June 5, 2019, Qadir filed a "'Fourth' Motion for DNA Testing" pursuant to Chapter 64 of the Code of Criminal Procedure. Pursuant to Article 64.02(a), the State filed a response along with a proposed memorandum, findings of fact, and conclusions of law. *See* Tex. Code Crim. Proc. Ann. art. 64.02(a). On September 4, 2019, Tarrant County Criminal Magistrate Charles Reynolds entered an order denying Qadir's motion and adopting the State's proposed findings of fact and conclusions of law. Qadir timely appealed.

## Discussion

Qadir does not challenge the correctness of the denial of his fourth motion for postconviction DNA testing nor does he challenge magistrate Reynolds's qualifications to serve as a criminal law magistrate. Instead, he argues that magistrate Reynolds had no authority to rule on the motion. We disagree.

Qadir argues that under the plain language of Chapter 64, only a "convicting court *judge*" may rule upon a motion for postconviction DNA testing. [Emphasis added.] Because magistrate Reynolds was not "the presiding judge over the 213th

3

Convicting [or District] Court," Qadir argues that he had no authority to rule on the motion. But the word "judge" is not in the plain language of the statute. The statute reads, "A convicted person may submit to the *convicting court* a motion" for postconviction DNA testing. Tex. Code Crim. Proc. Ann. art. 64.01(a-1) (emphasis added). The "convicting court" is not synonymous with any specific judge because a judge "is not the court itself"; the judge is "an officer of the court, like the lawyers, the bailiff[,] and the court reporter." *Davis v. State*, 956 S.W.2d 555, 557–58 (Tex. Crim. App. 1997).

Qadir's premise that the trial judge may not act through the magistrate misconstrues the relationship between a criminal district court and a criminal law magistrate. The Texas Government Code authorizes the use of criminal law magistrates in Tarrant County. *See* Tex. Gov't Code Ann. § 54.651(a); *see also id.* § 54.656(a), (d), (e) (providing that a criminal district court judge in Tarrant County "may refer to a magistrate any criminal case or matter relating to a criminal case for proceedings involving . . . any . . . matter the judge considers necessary and proper," except a magistrate may not preside over a criminal trial or a jury trial on the merits of a bond forfeiture). "[A] magistrate is not a judge in his [or her] own right . . . ."; rather, the magistrate "acts as a surrogate of the duly elected judge of the district court." *Davis*, 956 S.W.2d at 559.

A "district judge does not transfer the authority to preside over the case to the magistrate[;] rather[,] the *judge acts through the magistrate*." *Id.* at 560 (emphasis added).

4

"[T]he properly invoked jurisdiction of the district court cloaks the magistrate with authority as the court's appointed agent." *Fennell v. State*, 958 S.W.2d 289, 292 (Tex. App.—Fort Worth 1997, no pet.); *see also* Tex. Gov't Code Ann. § 54.658(a)(19) ("Except as limited by an order of referral, a magistrate to whom a case is referred may . . . do any act and take any measure necessary for the efficient performance of the duties required by the order of referral."). Pursuant to the Government Code, if the district court does not modify, correct, reject, reverse, or recommit an action of the magistrate, then the action becomes a decree of the court. *See* Tex. Gov't Code Ann. § 54.662; *see also McKinney v. State*, 880 S.W.2d 868, 869–70 (Tex. App.—Fort Worth 1994, pet. ref'd) ("Additionally, we note that section 54.662(b) states that an action of a magistrate becomes the decree of the court if the court does not modify, correct, reject, reverse, or recommit an action of the magistrate." (quotation marks omitted)). Thus, "if the district judge has authority over the case, the magistrate is qualified to be a magistrate, and he [or she] performs an act authorized under [the Government Code], [then] his [or her] acts are not void.[2]" *Davis*, 956 S.W.2d at 560

---

[2]Qadir raises no issue challenging the existence of an order of referral to the magistrate. Thus, a question about the manner of referral is not before us. *See Hoffman v. State*, No. 02-13-00411-CR, 2014 WL 5492727, at *2 n.5 (Tex. App.—Fort Worth Oct. 30, 2014, no pet.) (mem. op., not designated for publication) (affirming denial of motion for new trial and noting that no party objected to absence of order referring the motion for new trial to a magistrate).

Further, the supplemental clerk's record contains a 2012 Administrative Order of the Tarrant County Criminal Courts trial judges appointing magistrate Reynolds to perform the duties authorized by Section 54.651 of the Government Code "related

(footnote omitted). Here, the judge of the court, in essence, acted through magistrate Reynolds; and for this reason, the acts of the magistrate were the acts of the court.

Accordingly, we reject Qadir's argument that under the plain language of Chapter 64, a ruling of the magistrate is not one made by the "convicting court" and thus that a magistrate has no authority to rule on a motion for postconviction DNA testing.

Qadir also argues that magistrate Reynolds did not have authority to rule on the motion because Qadir did not consent to a magistrate ruling on his motion. But Qadir cites no provision in the Texas Government Code or Code of Criminal Procedure requiring the parties' consent before a criminal law magistrate may preside over a criminal law matter pursuant to Chapter 64 of the Code of Criminal Procedure and Section 54 of the Government Code, and we are aware of none. *See generally* Tex. Gov't Code Ann. §§ 54.651–.662; Tex. Code Crim. Proc. Ann. arts. 64.01–.05.

Finally, Qadir argues that his motion for postconviction DNA testing was a "felony concern" for the "convicting court to decide" rather than an "[o]fficial

---

but not limited to post-conviction matters" and ordering that "from and after [November 14, 2012,] all matters lawfully referable to magistrates by law including but not limited to matters following conviction are considered ORDERED generally referred" to magistrate Reynolds. Court of Criminal Appeals' holdings indicate that general orders of referral are permitted. *See Kelly v. State*, 724 S.W.2d 42, 48 (Tex. Crim. App. 1987) (holding that "[a] general order of referral [was] a proper vehicle under [a prior, substantively similar version of a magistrate statute]" and that there is "no requirement to name a particular magistrate or issue an order of referral separately for each case." (quoting *Ex parte Stacey*, 709 S.W.2d 185, 190–91 (Tex. Crim. App. 1986) (op. on reh'g))).

restricted to minor criminal or civil offenses." To support this proposition, Qadir cites *Lawson v. Stephens*, 900 F.3d 715 (5th Cir. 2018), 28 U.S.C.A. § 636(c), and Article III of the United States Constitution. These authorities are all inapposite because they relate to federal magistrates, not state criminal law magistrates appointed under the Texas Government Code.

We overrule Qadir's sole issue.

## Conclusion

Having overruled Qadir's sole issue on appeal, we affirm the district court's order denying Qadir's fourth motion for postconviction DNA testing.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 12, 2020