**Opinion filed March 25, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00149-CR

_____

## SCOTT HUDDLESTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 011934**

## O P I N I O N

Appellant, Scott Huddleston, entered into a plea-bargain agreement and pleaded guilty to the offense of assault on a public servant; he also pleaded true to an enhancement allegation. The trial court convicted Appellant, found the enhancement allegation to be true, and assessed punishment pursuant to the terms of the plea agreement at imprisonment for eight years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $3,000. In his sole issue on appeal, Appellant asserts that he had a statutory right to enter his guilty plea in open

court and that his right to do so was a substantive right and was therefore not subject to the Texas Supreme Court's emergency orders authorizing a trial court to modify or suspend any and all procedures. We agree with Appellant and, accordingly, reverse the judgment of the trial court.

Appellant's contention on appeal is that the trial court erred when it acted under the guise of the emergency orders issued by the Texas Supreme Court in response to the COVID-19 pandemic and required Appellant's plea hearing to be conducted via a Zoom videoconference. *See Seventeenth Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 119 (Tex. 2020). Prior to the plea hearing, Appellant filed a motion to rescind the order setting his case on a Zoom videoconference plea docket. Appellant indicated that he did not consent to the conducting of the plea hearing via Zoom or by other videoconferencing methods. Appellant requested a continuance until he could appear in court, in person, and in the physical presence of his attorney. Appellant asserted in his motion that requiring the plea hearing to be conducted via videoconference violated his rights to counsel and to a public trial and was contrary to state law, particularly Article 27.18 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 27.18(a) (West Supp. 2020).

Appellant renewed his objections at the outset of the plea hearing. The trial court overruled Appellant's motion and objections and proceeded with the plea hearing via videoconference. Appellant was incarcerated at the Allred Unit at the time of the plea hearing and appeared via Zoom. Appellant's attorney, who was not present with Appellant at the prison unit, also appeared via Zoom. Before Appellant entered his guilty plea, the trial court and the attorneys discussed the preservation of Appellant's right to appeal the matters that he had presented in his motion. Appellant pleaded guilty subject to the reservation of his right to appeal. The trial court

2

certified that, even though this was a plea-bargain case, it had given Appellant permission to appeal.

The above-referenced Seventeenth Emergency Order was in effect at the time of the plea hearing. That order provided in part as follows:

> 3. Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent:
>
> a. except as provided in paragraph (b), modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than September 30, 2020;
>
> b. [relates to Family Code and is not relevant here].
>
> c. Allow or require anyone involved in any hearing, deposition, or other proceeding of any kind—including but not limited to a party, attorney, witness, court reporter, grand juror, or petit juror—to participate remotely, such as by teleconferencing, videoconferencing, or other means[.]

*Seventeenth Emergency Order*, 609 S.W.3d at 120. The order was enacted pursuant to the authority granted to the supreme court in Section 22.0035(b) of the Government Code. *Id.* at 120; *see* TEX. GOV'T CODE ANN. § 22.0035(b) (West Supp. 2020). Section 22.0035(b) provides: "Notwithstanding any other statute, the supreme court *may modify or suspend procedures* for the conduct of any court proceeding affected by a disaster during the pendency of a disaster declared by the governor. . . ." (emphasis added).

Although Paragraph 3(c) appears on its face to authorize a trial court to require any party to participate in a proceeding via videoconferencing, we cannot hold that a defendant in a criminal case can be required, pursuant to the Seventeenth Emergency Order, to appear via Zoom or by other videoconferencing methods over the defendant's objection. As asserted by Appellant and as recently determined by the Court of Criminal Appeals, neither Section 22.0035(b) nor the Seventeenth

Emergency Order purports to authorize a court to modify *substantive* rights. *In re State ex rel. Ogg*, No. WR-91,936-01, 2021 WL 800761, at \*3 (Tex. Crim. App. Mar. 3, 2021) (orig. proceeding). According to the court in *Ogg*, Section 22.0035(b) and the Seventeenth Emergency Order both "address *procedural* matters." *Id.* (emphasis added). In *Ogg*, the State refused to consent to the defendant's waiver of a jury trial, but the trial court, citing the Texas Supreme Court's COVID-19 emergency order, nonetheless set the case for a bench trial. *Id.* at \*1. The State sought mandamus relief, which the Court of Criminal Appeals conditionally granted. *Id.* at \*1, 4. The Court of Criminal Appeals held that the emergency order did not "purport to authorize courts to modify substantive rights" and did not confer authority on the trial court to conduct a bench trial in violation of Article 1.13 because the consent requirement of Article 1.13 was "not merely procedural." *Id.* at \*4; *see* CRIM. PROC. art. 1.13(a).

A defendant's right to appear in person and in open court is not merely a procedural matter but, rather, is a substantive right provided for by statute. The Texas Code of Criminal Procedure provides that a defendant in a criminal prosecution (other than one involving the possibility of the death penalty) has the right, upon entering a plea, to waive the right of trial by jury (1) *if* the waiver is made in person by the defendant in open court with the consent of the prosecutor and the trial court or (2) *if* the provisions of Article 27.19 have been met. CRIM. PROC. art. 1.13(a). Article 27.19, in turn, provides that a court shall accept a guilty plea from a defendant who is confined in a penal institution if the plea is made in accordance with Article 27.18. *Id.* art. 27.19(a)(1). Article 27.18 permits a court to accept a defendant's "plea or waiver by videoconference" if certain conditions are met. *Id.* art. 27.18. One such condition is that the defendant and the prosecutor "file with the court written consent to the use of videoconference." *Id.* art 27.18(a)(1).

In the case before us, that statutory condition was not met. Appellant did not consent to the use of videoconference. In fact, he specifically objected to its use and cited Article 27.18. Like the consent requirement involved in *Ogg*, the consent requirement in Article 27.18 is not merely procedural. Therefore, the Seventeenth Emergency Order did not alter or affect Appellant's statutory right to be personally present at his guilty-plea hearing, to enter his plea in person and in open court, and to refuse to consent to the disposition of his case via a videoconference hearing. *See Ogg*, 2021 WL 800761, at *3. Because the condition set forth in Article 27.18(a)(1) was not met, the trial court was not authorized to accept Appellant's guilty plea. *See id.* at *3–4. Furthermore, because the trial court was not authorized to accept Appellant's guilty plea, that plea is voidable. *See Davis v. State*, 956 S.W.2d 555, 557–58 (Tex. Crim. App. 1997); *see also Ogg*, 2021 WL 800761, at *3 (a judge's lack of authority may invalidate the proceeding itself); *Lilly v. State*, 365 S.W.3d 321, 328, 333 (Tex. Crim. App. 2012) (holding that issue related to failure to hold a public trial was preserved for review despite guilty plea and that judgment should be reversed and cause remanded for a new trial). We sustain Appellant's sole issue.

Accordingly, we reverse the judgment of the trial court and remand the cause to the trial court for further proceedings.

W. STACY TROTTER

March 25, 2021                          JUSTICE

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[1]
Williams, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.