

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00165-CR

---

SCOTT TAYLOR AUNE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 316th District Court
Hutchinson County, Texas
Trial Court No. 12312, Honorable James M. Mosley, Presiding

---

July 22, 2024

OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Scott Taylor Aune, appeals from a judgment adjudicating him guilty of the offense of aggravated assault with a deadly weapon[1] and sentence of twelve years' incarceration. We reform the Order of Deferred Adjudication and affirm the trial court's Judgment Adjudicating Guilt of Appellant.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2).

## BACKGROUND

In December of 2020, Appellant pleaded nolo contendere to the offense of aggravated assault with an affirmative finding that he used or exhibited a deadly weapon in the commission of the offense. The record reflects that Appellant was not physically present in the courtroom to enter this plea; rather, he entered his plea by videoconference. In accordance with the plea bargain, the trial court deferred adjudication of Appellant's guilt, placed him on community supervision for a period of five years, and assessed a fine in the amount of $2,000. Appellant did not appeal from this order. The State filed a motion to proceed to adjudication, alleging six violations of the terms of his community supervision, in April of 2021.[2] The trial court entered an arrest warrant for Appellant. Appellant was arrested in Harris County. At the hearing on the State's motion, the State offered evidence that Appellant was expressly informed of each of the terms and conditions of his community supervision; however, Appellant testified that he was not notified of the specific requirements of his community supervision that were made applicable to him by the trial court's order. After the hearing, the trial court entered judgment adjudicating Appellant guilty of the original aggravated assault charge and sentenced him to twelve years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. From this judgment, Appellant timely appealed.

---

[2] The State subsequently filed two amended motions to proceed to adjudication, each updating the same six alleged violations.

## VOIDNESS OF DEFERRED ADJUDICATION ORDER

Appellant presents one issue by his appeal. He contends that the trial court lacked jurisdiction to enter the order placing him on deferred adjudication community supervision because he did not waive his right to be present at the plea hearing in person or in writing. *See* TEX. CODE CRIM. PROC. ANN. arts. 1.13(a), 27.18(a)(1). The State responds that Appellant's videoconference appearance at his plea hearing deprived the trial court of "authority," which made the deferred adjudication order voidable. Thus, Appellant was obligated to raise the issue by appeal at the time he was placed on deferred adjudication community supervision and cannot raise this issue for the first time on appeal from the judgment adjudicating him guilty.

In general, a defendant placed on deferred adjudication community supervision must appeal issues relating to the original plea proceeding when deferred adjudication community supervision is first imposed. *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001) (en banc). The Texas Court of Criminal Appeals has recognized two exceptions to this general rule: (1) the "void judgment" exception, and (2) the "habeas corpus" exception.[3] *Id.* The void judgment exception arises in the rare situation in which a trial court's judgment "is accorded no respect due to a complete lack of power to render the judgment in question." *Id.* A void judgment is a nullity and can be challenged at any time. *Id.* at 667–68. As such, if the order placing Appellant on deferred adjudication community supervision was void, the trial court would be without authority to adjudicate

---

[3] The "habeas corpus" exception does not apply to Appellant's appeal and Appellant does not contend that it does, so we will not address it specifically.

Appellant guilty and Appellant would be able to challenge that void judgment on appeal from his adjudication. *Id.* at 668.

A judgment is void only in very rare situations, usually due to a lack of jurisdiction. *Id.* The Texas Court of Criminal Appeals has provided a "nearly" exhaustive list of instances where a judgment is void:

> A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright* [372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963)].

*Id.* (internal citations omitted). Appellant does not contend that any of these instances caused the order of deferred adjudication to be void.

Rather, Appellant contends that his entry of a guilty plea by videoconference without first providing an in-person or written waiver deprived the trial court of jurisdiction to adjudicate him guilty. In *Lira v. State*, the Texas Court of Criminal Appeals addressed a situation in which two defendants pleaded guilty via videoconference over their objection and without an in-person or written waiver. 666 S.W.3d 498, 503, 519 (Tex. Crim. App. 2023). In that case, the court held that, "[a] trial court has no authority to hold a videoconferenced plea hearing when the defendant has not consented." *Id.* at 519. Consequently, the court affirmed the court of appeals' reversal of the trial court's judgments based on the videoconferenced pleas and remanded the cases to the trial

4

court for further proceedings. *Id.* In its discussion, the court stated that the court of appeals had been correct to find the pleas "voidable." *Id.*

It is clear from *Lira* that a court acts without authority when it accepts a defendant's guilty plea by videoconference without the defendant's consent. *Lira*, 666 S.W.3d at 519. But, unlike Appellant's contention, this lack of authority arises as a result of the trial court failing to comply with a statutory requirement and is not jurisdictional. *See Davis v. State*, 956 S.W.2d 555, 558 (Tex. Crim. App. 1997) (en banc) ("Sometimes, when the court's conduct violates one of these laws [prescribing statutory procedural requirements], especially a law which seems 'mandatory' on its face, it is common to say that the court did not have authority to act as it did. But it is a mistake to say that the court was without jurisdiction in the matter."). Thus, we conclude that the trial court's error in accepting Appellant's plea by videoconference and without valid consent constitutes voidable error. *See Lira*, 666 S.W.3d at 519 (describing present circumstance as "voidable" error); *see also Davis*, 956 S.W.2d at 559 ("[E]rrors involving the violation of a statutory procedure have not been deemed to be void, but voidable.").

Because the trial court's error in accepting Appellant's plea via videoconference and without his in-person or written consent was voidable and Appellant did not challenge the trial court's Order of Deferred Adjudication at the time it was issued, we conclude that he cannot present that challenge on appeal from the trial court's Judgment Adjudicating Guilt of Appellant. We overrule Appellant's sole issue.

## REFORMATION OF DEFERRED ADJUDICATION ORDER

This Court has the authority to reform the trial court's judgment to correct a clerical error. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (en banc). In the present case, the Order of Deferred Adjudication indicates that Appellant appeared in person with counsel and pleaded guilty. However, the record unambiguously shows that Appellant entered his plea by videoconference and that he pleaded nolo contendere. As such, we reform the Order of Deferred Adjudication to remove the indication that Appellant appeared in person and to change the notation that he pleaded guilty to nolo contendere.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's Judgment Adjudicating Guilt. We also reform the trial court's Order of Deferred Adjudication to remove the indication that Appellant appeared in person and change the notation of his plea from guilty to nolo contendere.

Judy C. Parker<br>
Justice

Publish.

6