Jimmy Odell LOMAX, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–98–101–CR.

Court of Appeals of Texas,
Waco.

March 29, 2000.

John E. Hawtrey, Bryan, for appellant.

Ray Montgomery, Dist. Atty. Leon County, Centerville, Gina M. Debottis, Special Prosecution Unit, Huntsville, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

TOM GRAY, Justice.

A man was convicted of sexually assaulting his step daughter. His former wife, the mother of the victim, taped a telephone conversation with the man. The tape ran out before the conversation ended. At trial, the former wife was allowed to testify about the unrecorded portion of the conversation. The man complains about the admissibility of the tape and the former wife's ability to complete the conversation. He also complains about the trial court's refusal to allow him to introduce character evidence of his former wife. We affirm the trial court's judgment.

### BACKGROUND

Jimmy Odell Lomax was charged with and convicted of the aggravated sexual assault of his step daughter, S.M.G. Denise, Lomax's ex-wife and the mother of S.M.G., testified concerning S.M.G.'s outcry that Lomax had been engaging in sexual intercourse with her for many years. Denise also testified regarding a tape recording she made of a telephone conversation she had with Lomax following S.M.G.'s outcry. Denise initiated the telephone call, and on tape, Lomax admitted to trying to engage in sexual intercourse with S.M.G. on several occasions. The tape apparently ran out toward the end of the conversation. Lomax's appeal centers around Denise's testimony.

### TAPE RECORDING

In his first issue, Lomax primarily complains that the admission of his tape recorded conversation with Denise was prejudicial because he could not show the remainder of the conversation as allowed under Texas Rules of Evidence 106 and 107.

Lomax filed a motion to determine the admissibility of the tape on the morning of trial. He objected to the introduction of the tape because it was of poor quality and was not a complete recording of his conversation with Denise. He argued that if the tape was admitted, he should be entitled to introduce the whole conversation taped under the doctrine of "optional completeness." Because the State wanted to discuss the tape during opening statements, the trial court held an admissibility hearing after the jury was impaneled and prior to opening. The trial court listened to the tape, reviewed a transcription of the recording and heard testimony of Denise, the maker of the tape. At the conclusion of the hearing, the trial court decided the tape was admissible.

### APPLICABLE LAW

The standard of review for a trial court's ruling under the rules of evidence is abuse of discretion. *Angleton v. State*, 971 S.W.2d 65, 67 (Tex.Crim.App.1998). Lomax contends that the tape should not have been admitted because he could not show the complete conversation taped or conversation of the parties involved as per Rules 106 and 107 of the Texas Rules of Evidence. These rules are set out below as follows:

### RULE 106. REMAINDER OF OR RELATED WRITINGS OR RECORDED STATEMENTS

When a writing or recorded statement or part thereof is introduced by a party, an adverse party may at that time introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it. "Writing or recorded statement" includes depositions.

### RULE 107. RULE OF OPTIONAL COMPLETENESS

When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence, as when a letter is read, all letters on the same subject between the same parties may

be given. "Writing or recorded statement" includes depositions.

TEX.R. EVID. 106 & 107.

 The rationale behind these rules is that Lomax, as an opponent of the alleged incomplete recording, would be entitled to introduce into evidence the remainder of the recording or conversation to correct any misleading impressions left with the jury by the previously introduced recording. *See Washington v. State*, 856 S.W.2d 184, 186 (Tex.Crim.App.1993); *Simpson v. State*, 975 S.W.2d 364, 368 (Tex.App.—Waco 1998, no pet.). Because there was no other recording, he attempts to use these rules as a means to *exclude* the tape recording. Rules 106 and 107 are not rules of exclusion, but rather rules of admissibility. *See* TEX.R. EVID. 106 & 107; *cf. Jones v. Colley*, 820 S.W.2d 863, 866 (Tex.App.—Texarkana 1991, writ denied). If there had been another portion of the tape recording, Lomax would have the ability to admit a complete recording of his conversation with Denise. *See Young v. State*, 820 S.W.2d 180, 191 (Tex.App.—Dallas 1991, pet. ref'd).

### APPLICATION OF LAW TO FACTS

 Lomax never produced a "complete" tape recording or a different portion of the same conversation to be admitted contemporaneously with the tape Denise made. He cannot use Rules 106 and 107 to exclude the tape. Thus, the trial court did not abuse its discretion in admitting the tape.

 Lomax alternatively argues that his case presents the need for a revival of the old "reasonable alternative hypothesis" standard of review. He acknowledges that *Geesa* overruled this standard. *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App. 1991). We decline to address this secondary complaint because we are bound, as an intermediate appellate court, to apply the law as interpreted by the Court of Criminal Appeals. *Horton v. State*, 986 S.W.2d 297, 300 (Tex.App.—Waco 1999, no pet.).

Lomax's first issue is overruled.

### CONVERSATION

 Lomax also complains that the trial court erred in allowing Denise to testify to the remainder of the telephone conversation after the tape ran out because it was an improper use by the State of the rule of optional completeness. The Texas Rules of Appellate Procedure provide:

> As a prerequisite to presenting a complaint for appellate review, the record must show that:
>
> (1) the complaint was made to the trial court by a timely request, objection, or motion . . .

TEX.R.APP. P. 33.1(a). Lomax did not object to Denise's testimony about the remainder of the conversation. He has not preserved his complaint for our review. *Id.* Lomax's second issue is overruled.

### CHARACTER EVIDENCE

 In his third issue, Lomax contends that the trial court erred in not allowing proof of Denise's character by showing that she had participated in her mother's divorce where similar sexual abuse accusations were made. The question asked of Denise and Lomax's attorney's explanation to the trial court are as follows:

> Defense: Did— your mother and her husband are divorced, aren't they?
>
> State: Object to the relevance.
>
> Defense: Your Honor, if I may approach the bench.
>
> Court: Come up.

> \* \* \*

> Defense: I'm pursuing this line of questioning, Your Honor. Basically, it goes to motive. Our defense is that this woman had a divorce— using sexual allegations of this child was to get the divorce and her mother had gotten a divorce before on the basis of sexual allegations and abuse to a

child, and the mother, her mother did the same thing. And it's our contention it goes to motive as to why she got the divorce and how these sexual allegations came about with respect to the child.

Court: Objection is sustained.

Lomax presented nothing in his explanation to the trial court to show that Denise had "participated" in her mother's divorce as he claims in his brief.

The State voiced an objection to the relevance of the question. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex.R. Evid. 401. Evidence that is not relevant is inadmissible. *Id.* 402. We are not inclined to determine that what Denise's mother did, without more, is a fact of consequence in Lomax's trial. Lomax failed to offer an explanation as to why Denise's mother's divorce would have any effect on Denise's motive to testify against Lomax.

■ Lomax argues in his brief that because Denise "participated" in her mother's divorce and was the *outcry witness* in Lomax's trial, he could reach the divorce issue under Rule 412. Under this rule, evidence of specific instances of an alleged *victim's* past sexual behavior is not admissible unless it relates to the motive or bias of the alleged *victim*. *Id.* 412(b)(2)(C). Denise was not the alleged victim in the charge against Lomax and the specific instance sought to be introduced was not Denise's past sexual behavior. The rule does not contemplate its use against outcry witnesses. Lomax cites us to no cases which would allow him to bootstrap his way into character evidence against an outcry witness through Rule 412. We can find no cases as well.

Therefore, the question whether Denise's mother was divorced is irrelevant and

was properly excluded. Lomax's third issue is overruled.

CONCLUSION

Having overruled Lomax's issues on appeal, we affirm the judgment of the trial court.