

# NUMBER 13-20-00169-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS, **Appellant,**

**v.**

MIGUEL MARTINEZ, **Appellee.**

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Silva
### Memorandum Opinion by Chief Justice Contreras

Appellee Miguel Martinez, the former police chief of Sullivan City, Texas, was indicted on one count of theft and two counts of abuse of official capacity. *See* TEX. PENAL CODE ANN. §§ 31.03, 39.02. Appellant, the State of Texas, argues by one issue that the trial court erred by granting appellee's motion to suppress. We reverse and remand.

## I. BACKGROUND

The evidence at issue is a video recording made by Sullivan City police officer Daniel Duran with his cell phone camera. It is undisputed that the video is a second-hand recording of surveillance footage originally obtained from the Sullivan City Police Department evidence storage room and other rooms. It is also undisputed that Duran recorded only parts of the surveillance footage with his cell phone camera and that there is a gap of more than two hours between the third and fourth parts of the recording.

In his May 24, 2016 motion to suppress, appellee argued that the subject video recording should be excluded from evidence because: (1) "Texas Rule of Evidence 901 indicates that authentication of a videotape is a condition precedent to admissibility"; (2) the video is "inadmissible hearsay, a violation of the Confrontation Clause of the Sixth Amendment, and a violation of [appellee]'s constitutional right to due process"; and (3) the video "contained exculpatory evidence that was neither preserved [sic] and may have been intentionally destroyed and/or deleted by Sullivan City personnel at the police department."

At a hearing on November 1, 2016, Sullivan City Police Department officer Daniel Duran, testified that he, appellee, officer Reynaldo Cortes, and officer Angel De La Mora were cleaning an evidence storage room on May 21, 2015, when Duran observed De La Mora place "some green leafy substance into a bottle and he closed the cap on it." When defense counsel asked Duran why he did not stop De La Mora or "do anything" when he took the substance, Duran replied that he had been "dispatched to a call" by appellee. The following day, De La Mora confessed to Duran that he had taken marijuana and put it in bottles of alcohol for his father for medicinal purposes, but Duran thought that De La

Mora was joking, so he did not report it.

Later, however, Duran became suspicious and so he sought to review surveillance video footage from the evidence storage room taken on May 21. He viewed the surveillance footage on May 25 and determined that the green substance taken by De La Mora from the evidence room was in fact marijuana which had been recovered as evidence from an abandoned house a year earlier. Duran made a video recording of the surveillance footage with his cell phone "[b]ecause [he] feared someone was going to try and delete it." Duran acknowledged that, before he reviewed the surveillance footage in the booking room of the police station, he disconnected a camera in that room so that other officers in the dispatch office would not be able to see what he was doing. He did not record the entire surveillance video with his cell phone, but rather only "[t]he portion that showed a crime being committed." Duran copied his cell phone video onto a DVD and gave it to investigator Bobby Garcia of the Texas Ranger Division of the Department of Public Safety. Duran testified that he gave the video to the Texas Rangers rather than Sullivan City police because "there had been several instances of suspicion of corruption" involving De La Mora in the past. Later, Garcia obtained a search warrant for the original surveillance footage, but it had been automatically erased by the video surveillance system because too much time had elapsed since the footage was recorded.

As to the subject video recording, defense counsel argued:

> I am suggesting that it's like a videotape. I can't take—you can't—the [p]olice don't get the right to take parts of a video at their discretion when they have an ability to download the entirety of it and then hand you parts of it, and not only hand you parts of it, I don't get to question things that are inconsistent like he says I was dispatched out to another area, the dispatch logs show otherwise. There was no call. We have a dispatch log.

> It's inconsistent with what he is saying. So with respect to the videotape, we are asking the Court to suppress the videotape because it's—it's not the

3

original. It's not the entire thing and we lose our right to confront witnesses in that connection.

In making its ruling, the trial court stated: "Let's get this one over with. I mean, it's clear that he selectively took a photograph or portions of it and not the entire thing. Your Motion to Suppress is granted on the video." The parties did not request findings of fact and conclusions of law, and none were filed. This appeal followed.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (permitting the State to appeal an order granting a motion to suppress evidence in a criminal case).

## II. DISCUSSION

### A. Standard of Review and Applicable Law

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion under a bifurcated standard. *Wells v. State*, 611 S.W.3d 396, 405 (Tex. Crim. App. 2020). When the trial court makes express findings of fact in a suppression hearing, we afford almost total deference to those findings as long as they are supported by the record. *State v. Granville*, 423 S.W.3d 399, 404 (Tex. Crim. App. 2014). The same standard is applied when reviewing the trial judge's application of law to questions of fact when resolution of those questions depends on an assessment of credibility and demeanor. *Wells*, 611 S.W.3d at 405; *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013). On the other hand, mixed questions of law and fact which do not hinge on assessments of credibility or demeanor are reviewed de novo. *Wells*, 611 S.W.3d at 405–

---

[1] The trial court also granted appellee's motion to quash all three counts in the indictment. In 2018, we reversed the trial court's ruling on the motion to quash, but held that we lacked jurisdiction to consider the suppression ruling because it had not been reduced to writing. *State v. Martinez*, 548 S.W.3d 751, 760 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) (noting that an appeal by the State under article 44.01 of the Texas Code of Criminal Procedure "must be from a signed, written order"). The trial court signed a written order granting the motion to suppress on March 16, 2020.

06. We will sustain the trial court's ruling if it is correct under any applicable theory of law. *Wells*, 611 S.W.3d at 405–06.

Even under an abuse of discretion standard, a trial court has no discretion in determining what the law is or applying the law to the facts. *See State v. Ballard*, 987 S.W.2d 889, 893 (Tex. Crim. App. 1999) ("Misapplication of the law to the facts of a particular case is a *per se* abuse of discretion."); *see also In re Geomet Recycling LLC*, 578 S.W.3d 82, 91 (Tex. 2019); *State v. Kurtz*, 152 S.W.3d 72, 81 (Tex. Crim. App. 2004) (Holcomb, J., dissenting). Thus, a failure by a trial court to analyze or apply the law correctly constitutes an abuse of discretion. *See Ballard*, 987 S.W.2d at 893.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Tex. R. Evid. 901(a).

**B.    Analysis**

The Texas Court of Criminal Appeals has held that "[v]ideo recordings without audio are treated as photographs and are properly authenticated when it can be proved that the images accurately represent the scene in question and are relevant to a disputed issue." *Fowler v. State*, 544 S.W.3d 844, 849 (Tex. 2018) (citing *Huffman v. State*, 746 S.W.2d 212, 222 (Tex. Crim. App. 1988)). The uncontroverted testimony provided at the suppression hearing established that Duran's cell phone video recording accurately represented those portions of the original surveillance footage which he chose to record; and it is undisputed that the surveillance footage accurately represented the scenes, in the evidence storage room and elsewhere, which it purported to depict. That is all the State needed to provide in order to meet its burden, under Texas Rule of Evidence 901,

to authenticate the evidence. *See id.*; *see also* TEX. R. EVID. 901.

The trial court explained that the cell phone video was being suppressed because Duran "selectively" recorded portions of the surveillance footage rather than recording "the entire thing." However, there is no rule of evidence or other authority requiring "the entire thing" to be offered into evidence in order for a part of the whole to be admissible.[2] Instead, whether a video recording is "complete" goes to the weight of the evidence, not its admissibility. *See Robinson v. State*, 739 S.W.2d 795, 802 (Tex. Crim. App. 1987); *see also Rocha v. State*, No. 05-18-00161-CR, 2019 WL 1467964, at *7 (Tex. App.— Dallas Apr. 3, 2019, pet. ref'd) (noting that "appellant's complaints about the accuracy or completeness of the video bear on the weight of the evidence and not its admissibility"); *Manis v. State*, No. 05-08-00459-CR, 2009 WL 1815468, at *10 (Tex. App.—Dallas June 26, 2009, no pet.) (mem. op.) (finding video recording properly authenticated, despite the fact that it had been edited to remove certain content, where witness testified that "he saved relevant portions of the recordings and that he did not edit any of the portions that he saved").[3]

---

[2] The Rule of Optional Completeness provides:

> If a party introduces part of an act, declaration, conversation, writing, or recorded statement, an adverse party may inquire into any other part on the same subject. An adverse party may also introduce any other act, declaration, conversation, writing, or recorded statement that is necessary to explain or allow the trier of fact to fully understand the part offered by the opponent. "Writing or recorded statement" includes a deposition.

TEX. R. EVID. 107. Appellee did not argue that the evidence was inadmissible under this rule. In any event, such an argument would lack merit because the rule governs the inclusion of evidence, not the exclusion of evidence, and thus could not be a valid basis for the trial court's ruling. *See Lomax v. State*, 16 S.W.3d 448, 450 (Tex. App.—Waco 2000, no pet.).

[3] The dissent argues that "when the evidence contains multiple layers of video footage, each layer of footage needs to be authenticated"; however, each layer *was* authenticated in this case. In particular, as noted above, Duran's cell phone video accurately represented the portions of the surveillance footage which he chose to record, and the surveillance footage accurately represented the scenes which it purported to depict.

On this record, the trial court failed to apply the law correctly and therefore abused its discretion to the extent it granted the motion to suppress on grounds that the video was not properly authenticated. *Ballard*, 987 S.W.2d 889, 893. Moreover, there are no other theories of law applicable to the case and supported by the record which could support the trial court's judgment. In particular, although appellee's written motion to suppress argued that the video was inadmissible hearsay, a violation of the Confrontation Clause, and a product of "intentional[] destr[uction] and/or delet[ion] by Sullivan City personnel," those grounds were not developed by testimony at the hearing. Accordingly, the State's issue is sustained.

### III.    CONCLUSION

We reverse the trial court's judgment and remand for further proceedings consistent with this memorandum opinion.

DORI CONTRERAS
Chief Justice

Dissenting Memorandum Opinion by Justice Silva.

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
20th day of January, 2022.

---

Further, the dissent suggests that the trial court could have concluded that "Duran intentionally excluded portions of the footage that may have exonerated Martinez." There was no evidence, aside from the unexplained time gap between parts three and four of the subject exhibit, which would have supported such a finding. Even if the trial court explicitly made this finding, that would not change the fact that the cell phone recording accurately represented the scenes it purported to depict.